## (September 24, 1959)

■ JACQUELINE L. HAMMOND, Respondent-Appellant, v. OGDEN H. HAMMOND, JR., Appellant-Respondent.— Order unanimously modified on the facts and in the exercise of discretion to the extent of remitting this matter to Special Term, Part XII, Supreme Court, New York County, for a hearing forthwith on defendant's objections as to jurisdiction (domicile of defendant) and, as so modified, said order is affirmed, without costs to either party. All proceedings are stayed until completion of such hearing. Special Term should have heard and determined the objections raised by defendant pursuant to section 237-a (subd. 3, par. [a]) of the Civil Practice Act (see *Pochna* v. *Pochna*, 7 A D

2d 971). While Special Term did not specifically overrule the objections (as required by § 237-a, subd. 3, par. [a]), the effect of the decision to permit defendant to allege the objections in an answer as a defense was tantamount to rejecting them pro tem. This was an improvident exercise of discretion. Where the facts presented indicate that the claim of lack of jurisdiction is substantial, the jurisdictional question should be disposed of by the court expeditiously at the threshold of the litigation. There was no waiver, as claimed in plaintiff's cross appeal, of defendant's objections by a discussion of the merits. While a defendant may be deemed to have submitted to the jurisdiction of the court when he becomes an actor in the suit (*Henderson v. Henderson*, 247 N. Y. 428, 432), the question is one of degree depending on the facts of each case. Defendant's allusions to some of the merits were inextricably woven with the question of change of domicile. There was no attempt to participate in the action on the merits (see *Odiens v. Odiens*, 265 App. Div. 641). Concur — Rabin, J. P., M. M. Frank, Valente, McNally and Stevens, JJ.