## Second Department, December, 1962

## (December 3, 1962)

■ Marion M. Furman, Appellant-Respondent, v. George C. Furman, Respondent-Appellant.— In an action by a wife for a separation, the parties cross-appeal as follows from a judgment of the Supreme Court, Suffolk County, rendered September 6, 1961 upon the decision of the court as amended, after a nonjury trial, in favor of the plaintiff on the ground of the defendant husband's nonsupport: (1) Both parties appeal from so much of said judgment as awarded to plaintiff $240 per week, of which sum $190 is for plaintiff's permanent alimony and $50 is for the support of their infant son. (2) Defendant also appeals, as limited by his brief, from so much of said judgment: (a) as directed that said weekly payments of $240 shall commence July 31, 1961; (b) as limited his custody of the son to the month of July and his visitation rights to two week ends in the other months of the year; and (c) as granted plaintiff's application at the trial for an additional counsel fee and fixed such fee at $750. Judgment modified on the law by striking out its final decretal paragraph directing defendant to pay to plaintiff an additional counsel fee of $750, and by substituting therefor a provision denying plaintiff's application for such fee. As so modified, judgment, insofar as appealed from, affirmed, without costs. The findings of fact contained in the Special Term's decision and amended decision are affirmed. On applications made during the pendency of a matrimonial action, counsel fees are awarded to enable the wife to prosecute or to defend the action (Civ. Prac. Act, § 1169). Hence, it is our opinion that here the incorporation of an additional counsel fee in the final judgment, on an application made at the end of the trial, constituted improper remuneration

for past services (*Beadleston* v. *Beadleston,* 103 N. Y. 402; *Ernst* v. *Ernst,* 277 App. Div. 1045). The situation would be different, of course, if an application for counsel fees or additional counsel fees had been made during the pendency of the action and if such application had been expressly referred to the trial court for final disposition. Ughetta, Acting P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.