■ HENRY P. PECHSTEIN, Appellant, v CONSTANCE L. PECHSTEIN, Respondent.—In an action in which a judgment of the Supreme Court, Nassau County, granting plaintiff a divorce, was entered on December 2, 1968 and amended by an order of the same court dated March 18, 1971, plaintiff appeals (1) from so much of an order of the same court, entered March 6, 1975 and made after a hearing, as denied the portion of his cross motion which sought to eliminate the rent allowance provided for in the judgment as amended and (2) from so much of another order of the same court, dated February 3, 1975, as, upon reargument, adhered to the original determination. Appeal from order entered March 6, 1975 dismissed, without costs. That order is academic and inoperable by reason of the order dated February 3, 1975. Order dated February 3, 1975 modified by adding thereto, after the words "I adhere to my original decision", the following: "except as to the rent allowance payment and, as to that, the cross motion is also granted and the direction to make such payment is eliminated from the judgment of divorce (as amended) as of May 1, 1974." As so modified, said order is affirmed insofar as appealed from, without costs. The 1968 judgment did not award defendant alimony. Custody of the parties' four minor children was awarded to her and, in connection therewith, she was awarded exclusive possession of the parties' jointly-owned home and $110 a week for the support of the two younger children who were then residing at home and plaintiff was ordered to pay specified carrying charges and utility items on the marital premises. Thereafter, during the pendency of a plenary partition action instituted by plaintiff, he moved for modification of the judgment as to defendant's exclusive possession of the marital premises. Special Term, by order dated March 18, 1971, granted the motion to the extent of providing that, upon defendant's removal from the house (whether after

voluntary sale or upon conclusion of the pending partition action), plaintiff shall pay defendant a monthly rent allowance in lieu of the carrying charges and utilities specified in the judgment. The order then stated: "This arrangement is to continue for so long as at least one of the two daughters * * * shall reside with the defendant. In any event, this provision shall terminate when the youngest child * * * attains the age of 21 years". The partition action was decided in favor of plaintiff and, when one of the two younger children reached the age of 21 and no longer resided with defendant, plaintiff again moved for modification of the judgment as to support of that child and as to the rent allowance. Special Term, by order entered April 30, 1971, granted a decrease of child support from $110 to $55 a week, but denied the latter portion of the motion as premature and "without prejudice to a renewal at the proper time." Defendant moved out of the former marital home in late April, 1974, shortly before consummation of the sale of the house in May, 1974. She signed a two-year lease for a four-room apartment in Glen Cove at a monthly rental of $320. (The monthly carrying charges for the marital home were agreed by the parties to have been $562.) The apartment contains one bedroom. At that time, Susan, the youngest daughter, was 19 years of age and a student at the State University of New York in Binghamton. She was spending nine months a year at school. During her summer vacations she was staying with her mother, with intermittent stays at the home of her father and her friends. Starting in May, 1974 plaintiff failed to pay the monthly housing allowance ($562) to defendant. In July, 1974 defendant made a motion in the instant case, requesting, *inter alia,* sequestration because of his failure to make the payments. Plaintiff cross-moved for elimination of child support beginning September 1, 1974 (that being the effective date of the newly amended section 2 of the Domestic Relations Law, which redefined "minor" and "infant" as a person under the age of 18 years) and for modification of the divorce judgment "with respect to the amount of rent allowance for the children". As to the latter request, plaintiff claimed that the rent allowance was a form of child support for a minor. He asserted that since Susan had reached her majority by virtue of the amended statute on September 1, 1974, defendant was no longer entitled to receive a housing allowance ostensibly on Susan's behalf, especially since defendant's housing expense was in no way increased by Susan's need for housing. Plaintiff argued that the provision in the March 18, 1971 order that he pay a rent allowance to defendant until Susan "attains the age of 21 years", was inserted at a time when 21 was the age of majority and that what was really intended was "the age of majority", whatever that may turn out to be. Special Term held that plaintiff could properly cease making the child support payments of $55 a week, but that, since Susan's legal residence was still with her mother, the order of March 18, 1971 remained effective, pursuant to its terms, until Susan became 21. On reargument Special Term stated that it "saw no reason to disturb this arrangement". We do not believe that one's obligation to reimburse his former wife for housing expenses because she provides a legal residence for their daughter should depend on whether a pre-1974 order stated that such obligation should terminate when the child attains the age of 21 years or majority. We have no way of knowing whether the author of the order gave specific attention to whether the child's needs required such payments until she was 21 or whether 21 was merely intended as a synonym for the age of majority, with no special concern as to the specific age at which majority is reached. We believe that section 240 of the Domestic Relations Law mandates that modification of child support

provided in a matrimonial judgment should be decided on an *ad hoc* basis, i.e., on facts and not on labels. That section provides that "the court must give such direction, between the parties, * * * as, in the court's discretion, justice requires, having regard to the circumstances of the case", and that "the court may annul or modify any such direction". We hold that the facts in this case require modification of the divorce judgment by eliminating all housing expenses subsequent to defendant's removal from the former marital home. We note that (1) defendant is self-supporting and has moderately substantial savings, (2) the record does not indicate that defendant's housing expenses increased because of Susan's legal residence with defendant since she leased an apartment of only one bedroom, (3) she admittedly rented the apartment on the basis of her own earnings and, in any event, she was aware that reimbursement from plaintiff would end when Susan became 21, (4) Susan is at an out-of-town college and spends only a minimal time at defendant's apartment, (5) Susan is being directly supported by plaintiff and, if Susan believes she is receiving insufficient support (including support for shelter), she has the right—on her own—to apply to the Family Court for more funds until she is 21 (Family Ct Act, § 413) and (6) the divorce judgment, based on defendant's misconduct, precludes support, direct or indirect, for defendant (Domestic Relations Law, § 236). In view of all this, we hold that any payment to defendant for housing allowance subsequent to the date of her removal from the former marital home would constitute an unmerited windfall. Hopkins, Acting P. J., Cohalan, Christ and Brennan, JJ., concur; Munder, J., dissents and votes to affirm on the opinions of Mr. Justice Pittoni at Special Term.