■ FRANCINE SCHWARTZ, Respondent, v MORRIS SCHWARTZ, Appellant. —Appeal by the defendant husband from a judgment of the Supreme Court, Nassau County, entered April 8, 1975, which, *inter alia,* granted plaintiff a divorce; awarded her $100 per week alimony and $25 per week support for the parties' youngest son, Elliot; gave her exclusive possession of the parties' marital residence until the said son reaches his majority; directed defendant to pay the carrying charges on the marital residence and the fuel and utility bills other than for telephone; and awarded plaintiff a counsel fee of $2,500. Judgment modified, on the law and the facts, (1) by deleting from the fifth decretal paragraph, which awarded plaintiff exclusive possession of the marital premises, the words "his majority" and by substituting therefor the following: "the age of 21 years"; (2) by increasing the alimony awarded in the third decretal paragraph thereof to $180 per week, and by adding to said paragraph a provision that the alimony award is inclusive of defend-

ant's obligation to pay the carrying charges and the fuel and utility bills (excluding telephone service) on the marital premises; (3) by deleting from the third decretal paragraph thereof the words immediately after "Elliot Schwartz", and by substituting therefor the following: "until he reaches the age of 21 years, making a total sum of Two Hundred Five Dollars ($205) per week"; (4) by deleting therefrom the fourth decretal paragraph thereof; and (5) by inserting in the seventh decretal paragraph thereof, immediately after the date "April 30, 1975", a provision that upon receipt of payment of said counsel award, plaintiff's attorneys shall remit same to plaintiff on account of the amount she paid them to represent her in this action. As so modified, judgment affirmed, without costs. Rule 699.9 of the rules of this court (22 NYCRR 699.9 [f] [6]) provides, in part, that "when the wife is awarded exclusive possession of the marital residence, the sum awarded [as alimony and support] will be inclusive of mortgage interest, amortization and escrow payments" and further that "the judgment should award a specific sum and not direct that he [the husband] pay indeterminate obligations" (bracketed words supplied). The reason for the rule is salutary. It can avoid litigation as to the reasonable amount owing as alimony in a particular situation (*Hahn v Hahn,* 40 AD2d 624). We find that alimony of $180 per week, which shall be inclusive of all carrying charges and utility and fuel expenses, is appropriate under the circumstances of this case. The judgment awards plaintiff exclusive possession of the marital residence until the parties' youngest son, Elliot, "reaches his majority". Under the law as it was until September 1, 1974, that meant when Elliot became 21 years old. Section 1 of chapter 920 of the Laws of 1974, effective September 1, 1974, amended section 2 of the Domestic Relations Law, redefining "minor" as a person under the age of 18 years. Elliot thus attained his majority on April 20, 1975, scarcely two weeks after entry of the judgment appealed from. In *Pechstein v Pechstein* (49 AD2d 886) this court determined that in view of the newly changed age of majority, consideration should be given to what was intended in a judgment providing for shelter of a spouse until a child reaches his majority. Undoubtedly, Special Term did not intend the two-week period between entry of the judgment and the date when Elliot would become 18 to be the period for such possession. Further, notwithstanding that Elliot, under the new law, became emancipated when he reached 18, he might still be entitled to support until he becomes 21, under section 413 of the Family Court Act (see *Pechstein v Pechstein, supra).* Thus, we have made the above modifications to the judgment concerning what was probably intended therein as to Elliot's majority. We adhere to the rationale of *Ross v Ross* (47 AD2d 866) that a wife entitled to support from her husband may, after trial, be awarded a reasonable counsel fee in a matrimonial action in which she is successful, notwithstanding that she had advanced her own money to pay her attorneys. We hold that the $2,500 counsel fee fixed by Special Term is reasonable. When payment thereof is received from defendant, plaintiff's attorneys shall deliver it to plaintiff on account of the $3,500 she had advanced them in accordance with their understanding (*Danto v Danto,* 50 AD2d 559). Martuscello, Acting P. J., Cohalan, Christ, Munder and Shapiro, JJ., concur.