■ IRVING PATRON, Appellant, v GOLDA PATRON, Respondent.—Judgment, Supreme Court, New York County entered May 10, 1976, unanimously modified, on the law and on the facts, to the extent of vacating the award for counsel fees, and as so modified, affirmed, without costs and without disbursements. This record reveals that only two years ago defendant-wife received $41,000 net, in cash, from the sale of a co-operative apartment. Furthermore, defendant does not submit an affidavit as to her ability to pay counsel fees. In the only affidavit submitted, counsel states, in conclusory fashion, that the moneys were needed for living expenses, but never asserts that the defendant was actually unable to pay counsel fees. Further, while likelihood of success is no longer an absolute prerequisite for an award of counsel fees (see Domestic Relations Law, § 237), in the exercise of its discretion, the court may consider it a factor *(Martin v Martin,* 28 AD2d 897). Here, clearly there is no defense to the action for divorce. Under these circumstances it would be improper to saddle the plaintiff with the obligation to pay $3,000 in counsel fees in addition to the $12,500 he was required to pay in a prior divorce action brought by defendant which was adjudicated in plaintiff's favor. Before counsel fees are awarded there must be a showing of necessity or inability to pay. In *Kann v Kann* (38 AD2d 545), this court stated: "Counsel fees are awarded in a matrimonial action in order to insure that an indigent wife has legal representation. If she is able to pay for her own counsel, no award may be made." (See also *Winter v Winter,* 39 AD2d 69, affd 31 NY2d 983.) Concur—Stevens, P. J., Markewich, Murphy, Capozzoli and Nunez, JJ.