Per Curiam.

It may be useful to expose some of the mysteries which have evolved with respect to the disposition of appeals to our court. The present concern relates to the authority of our court, either on motion of the respondent or sua sponte, to dismiss appeals on the ground that the determination sought to be appealed involved the exercise of a nonreviewable discretion. The term "discretion” has been said to include several distinct aspects.* Here we discuss what have been classified as two of the different applications of the concept. We consider discretion in the sense that what is involved is the familiar scope of choice in the resolution of questions of fact (Cohen and Karger, Powers of the New York *584 Court of Appeals, § 148). We also treat what has been labeled a "judicial” discretion, i.e., a "discretion” to grant or to withhold a remedy prayed for, "which is subject to review in the Court of Appeals, but only as to whether or not it has been abused and not on the merits” (Cohen and Karger, op. tit., § 149). The classic formulation in both instances is that review is available in our court only to determine whether there has been an abuse in the exercise of the particular discretion constituting error as a matter of law. We observe that a conceptual difficulty is confronted at the threshold in treating these questions in the context of a procedural disposition. Analytically in every case it may be argued that the determination below constituted an "abuse of discretion”. (Cf. Cohen and Karger, op. tit., p 619.) It is equally true that the resolution of such a contention on a procedural basis will always entail a consideration of the merits of the controversy. In this perspective dismissal on motion may be decried as constituting a telescoped and summary disposition of the appeal.
There is a distinction, of course, between appealability (the right to be in our court) and reviewability (the authority of our court once the appeal is before us to consider the issues tendered) (Cohen and Karger, op. tit., pp 4, 447). In the present cases resolution of the issue of appealability is made, by express provision of the applicable statute, to turn on reviewability. Where, as in these cases, an appeal is taken as of right on the basis of a modification at the Appellate Division, that modification must be in a substantial respect "which is within the power of the court of appeals to review on such appeal” (CPLR 5601, subd [a], par [iii]). As to this category of appeals, because the issue has thus been made one of appealability (an issue customarily resolved on motion or by the court sua sponte), there can be no doubt as to the authority of the court to order a procedural dismissal, even though such dismissal must necessarily be predicated on the court’s evaluation of the merits of the appeal. Compare, for instance, motions to dismiss appeals taken under CPLR 5601 (subd [b], par 1), or even transfers of appeals taken under CPLR 5601 (subd [b], par 2), on the ground that the constitutional issue tendered is not a substantial one (Cohen and Karger, op. tit., § 55, subd [c]).
We turn then to the two cases before us, Patron v Patron *585 (in which a motion to dismiss has been made by the respondent husband) and Klein v Klein (in which the court considers a dismissal sua sponte). In each there is a matrimonial action in which determinations have been made in the Appellate Division with respect to allowances for alimony and counsel fees and appeals therefrom have been taken as of right to our court on the ground that there has been a substantial modification by which the appellant is aggrieved—in Patron by the aggrieved wife from a modification which deleted an award of counsel fees in her favor; in Klein cross appeals—one by the husband from a modification which added an allowance to the wife for counsel fees and the other by the wife from a modification which vacated that portion of the order below which held the husband in contempt for nonpayment of arrears under an earlier divorce decree. Each appeal has been taken as of right pursuant to the provisions of CPLR 5601 (subd [a], par [iii]). Appealability depends then on the scope of our court’s power to review. The dispositions here with respect to counsel fees involved the exercise of discretion as to factual determinations; that denying the remedy of contempt presents an instance of what has been called "judicial discretion”. The standard of our review is the same in both instances.
We conclude that the modifications of which appellants complain are in respects which are not within our power to review. As to neither case are legal propositions advanced which raise any substantial question of abuse as á matter of law; the results are not so outrageous as to shock the conscience; there are no extraordinary circumstances, factual or procedural, from which it might be concluded that there is a reasonable and substantial likelihood that on full consideration the court would hold that there was an abuse of power or discretion.
Accordingly, we conclude that the determinations challenged are not reviewable, hence not appealable. The motion to dismiss in Patron should be granted, and the appeals in Klein dismissed by the court sua sponte.
In Patron v Patron: Motion to dismiss the appeal herein granted and the appeal dismissed, without costs.
In Klein v Klein: Appeals dismissed, without costs, by the Court of Appeals sua sponte.

 In general see Cohen and Karger, Powers of the New York Court of Appeals (rev ed, p 582 et seq.). We are not here concerned with the unreviewable and therefore uncontrolled management of the details of litigation procedure, as to which there is no right of appeal in our court in any circumstance, save possibly in the event of a failure or refusal to exercise such "discretion” (op. cit, § 147).