■ JACQUELINE O. BROKAW, Appellant-Respondent, v ROBERT W. BROKAW, Respondent-Appellant.—On these cross appeals, order of the Supreme Court, New York County, entered June 3, 1976, unanimously modified, on the law and the facts and in the exercise of discretion, without costs and without disbursements, to increase temporary alimony from $400 per month to $650 per month, effective as of the date of this order, and to reduce counsel fees from $5,000 to $1,500 without prejudice, and otherwise affirmed. While ordinarily appeals from orders of temporary alimony are to be discouraged (Singh v Singh, 41 AD2d 914), and the amount of permanent alimony and support is ultimately based on evidence rather than on the submitted papers for an award of temporary alimony (Levene v Levene, 41 AD2d 530), until the evidence is presented to the court at the trial, in this marriage of long duration it would seem that the award is deficient to the extent indicated. As to the counsel fee, the court anticipating a complex litigation, awarded $5,000 pendente lite, when the request was for only $1,500. Under the circumstances, only $1,500 should be awarded, without prejudice to a further showing at the appropriate time. Concur—Kupferman, J. P., Birns, Silverman and Capozzoli, JJ.

■ KERSTIN SALK Respondent, v LEE SALK, Appellant.—Order of the Supreme Court, New York County, entered July 28, 1976, which awarded plaintiff wife a counsel fee in the sum of $500, unanimously reversed, on the law and the facts, without costs and without disbursements. The question of a counsel fee arose out of a motion made by plaintiff with respect to the interpretation of the visitation provisions set forth in the judgment of divorce entered December 12, 1975. Special Term awarded a counsel fee in the motion as "an act of grace, since only on the most technical reasoning can she even be considered as having prevailed on her application." In awarding a counsel fee the merits of the action are among the factors to be considered (Wood v Wood, 21 AD2d 627, 630). A review of the record demonstrates that the application brought by plaintiff regarding visitation rights was frivolous and that there was no failure on the part of defendant to meet his obligations under the provisions of the divorce judgment. Plaintiff failed to meet the burden of proving facts showing a necessity for the motion, a vital factor in determining whether a counsel fee award was warranted (People ex rel. Foussier v Uzielli, 23 AD2d 260, 265). Concur—Kupferman, J. P., Birns, Silverman and Capozzoli, JJ.