■ INGRID G. LAX, Respondent, v GEORGE P. LAX, Appellant.—Order of the Supreme Court, New York County, entered in the office of the clerk on April 29, 1977, which (1) denied defendant's cross motion to dismiss the complaint on jurisdictional grounds without prejudice to the assertion of lack of jurisdiction as an affirmative defense at trial, and (2) granted plaintiff $5,000 as an interim counsel fee, unanimously modified, on the law, on the facts and in the exercise of discretion, and the cross motion granted to the extent of ordering a hearing on the issue of jurisdiction, and the award of counsel fee is vacated without prejudice to an application therefor at trial (if a trial is to be held) or at such other time as may be appropriate (in the event no trial is to be held), and otherwise affirmed, without costs and disbursements. It cannot be said that as a matter of law the evidence as to defendant's change of domicile deprives the court of jurisdiction (Rosenstiel v Rosenstiel, 32 Misc 2d 542, 546, affd 15 AD2d 880; see, generally, Milbank v Milbank, 36 AD2d 292, affd 29 NY2d 844). A hearing is required on that issue. If defendant succeeds at the hearing, which should be brief, that would obviate the lengthy trial relating to the issues of fault and finances (CPLR 3211, subd [c]; Kahn v Kahn, 46 AD2d 638; Hammond v Hammond, 9 AD2d 615). Inasmuch as plaintiff and her counsel asked that the issue of counsel fees be reserved for the trial court, it was an abuse of discretion to award counsel fees (Brokaw v Brokaw, 57 AD2d 519; Abraham v Abraham, 28 AD2d 864, 865). Concur—Kupferman, J. P., Birns, Capozzoli and Lane, JJ.