■ THEODORE S. BISTANY, Appellant, v BARBARA A. BISTANY, Respondent.—Order unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: Appellant seeks review of an award pursuant to section 237 of the Domestic Relations Law to his former wife of $6,500 counsel fees and $1,460.95 disbursements for her appeal of the custody provisions of a judgment rendered in consolidated habeas corpus and divorce proceedings *(Bistany v Bistany,* 66 AD2d 1026). Considering all of the relevant factors, including respondent's lack of success on appeal (see *Salk v Salk,* 57 AD2d 519; *Patron v Patron,* 53 AD2d 822, app dsmd 40 NY2d 582); the time spent by her attorneys in preparation and presentation of the appeal; and the fact that respondent has the financial ability to bear some portion of her legal expenses (see *La Porte v La Porte,* 60 AD2d 966; *Martin v Martin,* 28 AD2d 897), the award should in the exercise of discretion be reduced to $3,500 plus disbursement of $1,460.95. We reject appellant's argument, based on the line of cases in the First Department *(Thorne v Thorne,* 66 AD2d 397; *Winter v Winter,* 39 AD2d 69, affd 31 NY2d 983; *Kann v Kann,* 38 AD2d 545), that we should deny respondent recoupment because she paid $6,000 to her attorneys in advance. We agree with the view of the Second Department that "there is [no] impediment to reimbursement to a wife of counsel fees advanced by her which the court later finds the husband should have paid." *(Ross v Ross,* 47 AD2d 866; see *Schwartz v Schwartz,* 50 AD2d 877; *Press v Press,* 49 AD2d

603.) The parties should pay for their own legal expenses and costs in connection with the instant appeal. (Appeal from order of Erie Supreme Court—counsel fees.) Present—Dillon, P. J., Simons, Hancock, Jr., Callahan and Moule, JJ.