OPINION OF THE COURT
Arthur E. Blyn, J.
Motion by defendant wife, brought on by order to show cause, seeks an order dismissing this action against her for lack of subject matter and personal jurisdiction and dismissing the action against the codefendant, 10 Park Avenue Tenants’ Corp., is consolidated for the purpose of disposition with the application by plaintiff for attachment, the appointment of a receiver in sequestration and for omnibus injunctive relief.
Upon the submission of these motions, after argument by counsel, the court declined to extend a temporary restraining order contained in the order to show cause bringing on plaintiff’s motion except as to any disposition of the contents of the *416 marital apartment. An interim order to that effect was signed on August 16, 1979.
Initially, the court must deal with the propriety of a portion of an affidavit submitted in opposition to the defendant wife’s motion. It appears that some time in June, 1978 plaintiff and defendant wife consulted an attorney who specializes in immigration law. It is the affidavit of that attorney submitted by plaintiff which is at issue. The initial portion thereof recites the nature of a consultation with him by the plaintiff. The latter portion concerns a consultation with defendant wife to which disclosure her attorney in this action objects to as a breach of attorney-client privilege. The court agrees. Of course it had to read the objected to material to make that determination but the court is sophisticated enough to nonetheless be able to totally disregard the statements made in considering these motions. As to the fact that such portion of the affidavit physically remained a part of the record, the court has redacted the affidavit and removed the objected to material.
The undisputed facts gleaned from the papers submitted appears as follows. The parties were married in England in January, 1975 and resided there as husband and wife. They had an apartment in London and a home in Ilkley, title to both of which properties were originally in plaintiff’s name alone. Both parties were obviously British nationals and have traveled under British passports. Both have children from prior marriages currently residing in England.
In May, 1977, having secured employment in the United States, more particularly in New York, plaintiff came here on an E-2 treaty trader visa. Defendant wife followed plaintiff here in September, 1977 as a spouse under a similar visa. Both of the foregoing visas expire in 1981. Plaintiff subsequently obtained a B-2 visa which is indefinite. Upon her arrival here defendant wife also obtained employment.
In December, 1977 the parties took title as tenants by the entirety to the marital co-operative apartment, apartment 8A at 10 Park Avenue. Apparently, prior thereto they rented an apartment in the same building. In January, 1978 another apartment 12K was purchased for the purpose of investment and otherwise, title having ultimately been taken in plaintiff’s name alone.
In May, 1978 plaintiff severed his relationship with his employer and in the following month a corporation was orga *417 nized, with the business address being 10 Park Avenue, with both parties as corporate officers.
Plaintiff alleges that in June, 1978 he consulted an attorney who is an immigration specialist for the purpose of obtaining permanent residence status ("a green card”). He further alleges that defendant did so as well. Notwithstanding the court having stricken and disregarded statements by said attorney in his affidavit as they relate to defendant wife, this consultation is not denied by her.
It is alleged that defendant wife abandoned plaintiff on May 27, 1979 and returned to England where she was personally served with the summons and complaint in this action on May 31, 1979.
Sharply disputed is whether either party or both of them became domiciliaries of this State. In that regard substantial space is devoted by both parties to the indicia of domicile (employment, actual residence, drivers’ licenses, voting, tax returns, bank accounts, etc.) plaintiff, of course, contending that both parties became domiciled here and defendant wife alleging that neither became domiciliaries.
An analysis of the complaint is necessary. Plaintiff’s first cause of action seeks a divorce on grounds of cruel and inhuman treatment. Incidental thereto, he seeks support and counsel fees from defendant wife. Plaintiff’s second cause of action seeks to impose constructive trusts on apartment 12K at 10 Park Avenue, the proprietary lease on which was assigned to defendant wife in April, 1979 with the consent of the codefendant, shares of stock having been issued in her name at that time, the English apartment which was transferred to their joint names in March, 1975 and the English home title to which was transferred to the defendant wife in her name alone in September, 1978. Plaintiff’s third cause of action alleges defendant wife’s refusal to reconvey these properties, her unjust enrichment and substantial damage. As to the codefendant, plaintiff seeks recognition by them that he is the true owner of apartment 12K.
Defendant wife contends that the court lacks both subject matter and in personam jurisdiction in this case. Her claim of lack of subject matter jurisdiction is predicated on the alleged failure by plaintiff to satisfy the residence requirements of section 230 of the Domestic Relations Law. No citation to case authority is necessary for the well-established legal principle that the term "residence” in the statute is *418 synonymous with "domicile”. Whether a failure to satisfy the requirements of that statute deprives the court of subject matter jurisdiction is unclear in view of the holding by the Court of Appeals in Lacks v Lacks (41 NY2d 71, 73) where the court stated: "The requirements of section 230 * * * go only to the substance of the divorce cause of action, not to the competence of the court to adjudicate the cause”. At bar the permutations and combinations are varied. If plaintiff established a domicile in New York the requirements of section 230 may be met under either subdivision 2 or 3. Under those circumstances, if defendant wife was a domiciliary at the time she was personally served outside the jurisdiction, the court would have complete jurisdiction over her (CPLR 313), or if she was not a domiciliary at the time of such service, this court would only have jurisdiction over the marital res (CPLR 314), or perhaps the court might have some personal jurisdiction over her even if she were a nondomiciliary under CPLR 302 (subd [b]). In any event, the breadth of the court’s jurisdiction in this case could not be determined in the absence of an evidentiary hearing. Ordinarily such a hearing should take place at this point in time which might obviate the necessity for a lengthy trial relating to the issues of fault and perhaps finances (Lax v Lax, 59 AD2d 677).
The court finds, however, that it does have complete jurisdiction in one aspect of this case. CPLR 302 (subd [a], par 4) provides for the exercise of personal jurisdiction over nondomiciliaries who own, use or possess real property situated within the State as to a cause of action arising from such ownership, use or possession. Quite clearly to the extent that plaintiff’s second cause of action seeks to impose a constructive trust regarding apartment 12K at 10 Park Avenue the court has both subject matter and in personam jurisdiction over the defendant wife. Defendant wife’s argument that this is a matrimonial action which does not arise from the use or ownership of property overlooks the fact that section 234 of the Domestic Relations Law, empowering the matrimonial court to determine title questions, is only procedural in nature and that the constructive trust cause of action is independent of the marital relief sought. Defendant wife incorrectly states that a dismissal of the divorce deprives the court of the power to rule on the property claims. In view of this court’s complete jurisdiction over at least this aspect of litigation the other issues outlined above should be resolved at trial. Accordingly, *419 the motion by defendant wife to dismiss is denied with leave granted to her to raise these jurisdictional issues as defenses in her answer.
As initially noted defendant wife, in an unorthodox procedure, seeks dismissal of this action as against the co-defendant, owners of the co-operative apartment. The position of the codefendant is that there is no basis for naming it in this matrimonial dispute. Even assuming the propriety of the application, in view of the unique relationship involving "ownership” of a co-operative apartment, that is, the issuance of shares of stock and execution of a proprietary lease by the owner of the real property, the court does not find merit in the position of the defendants. Accordingly, to the extent the defendant wife’s motion seeks to dismiss against the codefendant it is denied.
Plaintiffs motion seeks a host of provisional remedies. Predicated on his prayer for the incidental relief of support and counsel fees, he seeks to be appointed receiver in sequestration of defendant wife’s property in this State with the power to take possession of such property presumably to secure any awards made herein. Putting aside the constitutional cloud on sections 233, 236 and 237 of the Domestic Relations Law, with their lack of nongender neutral language (see Laka v Laka, NYLJ, March 20, 1979, p 12, col 3) and the possible lack of personal jurisdiction to make such awards, the arguments advanced by defendant wife, the relief sought is drastic and only available where the movant makes out a clear case on an evidentiary showing of entitlement thereto. At bar the papers submitted by plaintiff are totally silent on the issue of his entitlement to support or counsel fees. Under these circumstances that portion of the motion is denied.
Plaintiff also seeks the drastic remedy of attachment under CPLR 6201 (subd 1). His complaint is unclear with respect to his demand for a money judgment. The "wherefore” clause is not broken down by causes of action. Although the third cause of action alludes to plaintiffs substantial damage arising from defendant wife’s refusal to reconvey an unjust enrichment, no specific damages are mentioned. As an alternative to the declaration of a constructive trust plaintiff demands a money judgment in the amount of the fair market value of the property involved. Papers submitted by plaintiff fail to specify the damages. In the absence of the foregoing, *420 and a clear evidentiary showing to support plaintiffs cause of action, the court will not grant the attachment relief sought.
Finally, the plaintiff seeks injunctive relief relative to the transfer or encumbering the property involved. In view of the jurisdictional cloud the court will not consider the application other than with regard to apartment 12K at 10 Park Avenue. Considering the use to which that apartment is presently being put, that is for investment purposes whereby the income therefrom by agreement of the parties is currently being utilized to the payment of maintenance and carrying charges therein, the irreparable injury to plaintiff absent injunctive relief, and otherwise balancing the equities between the parties, the court grants plaintiffs motion solely to the extent of enjoining defendant wife and the codefendant from selling, assigning, transferring, or encumbering the proprietary lease and stock certificates regarding apartment 12K at 10 Park Avenue, excluding the rental thereof and per the agreement above referred to.
(On reargument January 2, 1980)
Motion by defendant wife, brought on by order to show cause, seeks to reargue her prior motion to dismiss the complaint for lack of jurisdiction.
By decision/order dated October 2, 1979 this court denied defendant wife’s motion to dismiss with leave to raise her jurisdictional objections at trial. In essence, the court noted the factual dispute as to whether either or both the plaintiff and the defendant wife had become domiciliaries of this State. The court found, however, that it had complete jurisdiction over the action for a constructive trust pleaded in the complaint, and on the basis of such finding reserved the issue of jurisdiction over the balance of the complaint to the trial court.
Upon reargument defendant takes the position that there are no genuine issues of fact to be resolved on the question of jurisdiction.
The papers submitted on the original motion outlined certain undisputed facts and contained tax returns, drivers’ licenses, bank accounts and employment records as exhibits. In determining the domicile of a party, or more particularly whether there has been a change of domicile, intent is a key factor. Intent is not readily ascertainable from documents. A *421 factual hearing is required. Defendant wife has not, as she contends, established her entitlement to the relief sought as a matter of law.
Defendant wife further argues, inter alia, that by delaying the resolution of the jurisdictional issue until trial, the court will be subjecting her to unwarranted financial discovery in the event it is ultimately determined that there is no jurisdiction. There is merit to this argument.
Accordingly, the motion to reargue is granted and upon such reargument defendant wife’s motion to dismiss is granted only to the extent of referring the issue of this court’s jurisdiction as to the matrimonial cause of action, that is, whether either plaintiff or defendant wife or both were domiciliaries of this State at the time this action was commenced to Trial Term, Part 7, to hear and report (with recommendations).
Counsel is directed to serve a copy of this order with notice of entry on the office of the Referee, Room 308-M, within five days after publication thereof, for the purpose of obtaining a calendar date.
Subsequent to the court’s original determination, plaintiff served an amended complaint which defendant wife also seeks to dismiss on the same grounds which must also await the report of the Special Referee.