■ ROBERT PFEIFFER, Appellant, v PATRICIA BYRNE, Respondent.—Order, Family Court, New York County, entered on or about May 15, 1979, granting, *inter alia,* the motion of respondent's counsel to be relieved and awarding counsel fees in the amount of $3,000, modified, on the law and the facts, without costs and without disbursements, to the extent of striking so much of the counsel fee as is applicable to custody and visitation, and entry of judgment and enforcement proceedings, and remanding for a hearing to fix and allow counsel fees applicable only to child support and filiation proceedings. The parties to this action have been engaged in what has been termed "acrimonious" litigation for custody of their infant daughter who was born out of wedlock. An interim order requiring petitioner-appellant to support the daughter and an order of filiation declaring petitioner the father of the girl were entered on June 8, 1978. However, during the pendency of the custody proceedings the respondent mother fled and her whereabouts are unknown. Thereafter, respondent's counsel made the instant motion. Under these circumstances it was error for the court to render a composite award in the absence of a final order or judgment (Domestic Relations Law, § 237, subd [b]). A partial award would have been more appropriate (Family Ct Act, §§ 438, 536). Concur—Birns, J. P., Bloom and Ross, JJ.

Markewich and Silverman, JJ., dissent in part in a memorandum by Silverman, J., as follows: I would reverse the order appealed from and deny counsel's motion for counsel fees and costs. Respondent mother has absconded with her child and her whereabouts are not known. The order appealed from awarded counsel fees payable to the attorney by the putative

father. I think this was error of law and abuse of discretion as a matter of law. Without attempting to reconcile the various statutes, the following considerations lead me to my conclusion, even assuming we have the power to make the award: The merits of the case are an important circumstance to be considered in determining whether a party in a matrimonial or domestic relations proceeding should be required to pay the attorney's fees of his adversary. *(Wood v Wood,* 21 AD2d 627, 630; *Salk v Salk,* 57 AD2d 519.) It is for this reason that some of the statutes involved require a final judgment before counsel fees can be awarded. (See Domestic Relations Law, § 237, subd [b]; *Agur v Agur,* 32 AD2d 16, 22.) And accordingly, a Family Court Judge at an earlier stage of this case refused an application for interim counsel fees on the ground that "in a matter pertaining to child support and custody" the "award must await a final order of judgment". Interim counsel fees are of course frequently allowed in matrimonial and domestic relations proceedings without an adjudication of the merits because without it a party may be unable to carry on the proceeding to the point of getting a judgment on the merits. But in such cases the "award for counsel fees contemplates prospective services and disbursements; and, thus, the court may not on motion award counsel fees for past services." *(Sussman v Sussman,* 13 AD2d 464, 465.) Counsel fees are awarded "to enable the wife to carry on or defend the action or proceeding". (Domestic Relations Law, § 237, subd [a]; *Furman v Furman,* 18 AD2d 659.) Finally, in general, counsel fees are to be awarded to the party, not to the attorney. *(Appelbaum v Appelbaum,* 279 App Div 612.) In the present case, counsel fees have been awarded without an adjudication of the merits, for past services and not prospective services, not to enable the mother to carry on or to defend the proceeding, and they are being awarded not to the party but to the attorney. If the mother is entitled to anything at all in the filiation branch of the case, it can only be nominal as paternity was not disputed. Indeed, it was the putative father who brought the filiation proceeding; all the mother had to do was not oppose. In the circumstances of the present case, I think the attorney must look to her client for her fees.