■ MARK WILLIAMSON, JR., Appellant, v EDNA WILLIAMSON, Respondent. — Appeal from a judgment of the Supreme Court at Trial Term (Dier, J.), entered May 28, 1980 in Franklin County, which granted defendant's counterclaim for divorce and awarded defendant support and attorney's fees. The parties before us had been married for almost 30 years and were the parents of five children when plaintiff commenced this action for divorce. As the trial was about to commence, plaintiff withdrew his complaint and reply thus leaving defendant's counterclaim for divorce, on the ground of adultery, uncontested. Accordingly, the evidence, in large part, was concerned with the financial status of the parties. Plaintiff, while noticing the entire judgment for appeal, now concedes the propriety of the grant of the divorce and challenges only the award of alimony and counsel fees. The record reveals that up until the marriage breakup the parties and their children lived rent free in a comfortable home on the large dairy farm owned by plaintiff's father and operated by plaintiff. Besides paying no rent, the parties were provided with heat, electricity, meat, milk, vegetables and a motor vehicle, all at no charge. Plaintiff operated the farm, the income from which for the sale of milk alone was between $50,000 and $60,000 annually, almost without limitation under the terms of a power of attorney granted by his father. Plaintiff asserts that he received a salary of $75 per week for this service. Defendant, in addition to her household duties, performed numerous farm chores and for 15 years worked outside of the home as a cook and contributed her income to the family needs including renovations to the home. After the breakup, she worked to support herself and her youngest child without assistance from plaintiff. Her attempts to establish a modest trailer home were thwarted by an income insufficient to finance and maintain it. Plaintiff contends that the trial court abused the discretion granted to it by sections 236 and 237 of the Domestic Relations Law[*] through its grant of $50 per week alimony to defendant. It is, of course, well

---

[*] Sections 236 and 237 of the Domestic Relations Law were amended subsequent to the commencement of this action and prior to the filing of the notice of appeal. The sections are now gender neutral but the factors to be considered in the making of an award remain unchanged and pre-amendment cases dealing with the court's duty and powers regarding alimony awards continued to be a valid guide.

settled that a spouse has no absolute right to share in the other spouse's resources. However, the standard for permanent alimony payments is the marital standard of living assuming that the supporting spouse is able to pay it *(Kay v Kay,* 37 NY2d 632, 635, and cases cited therein). Though plaintiff asserts that his only income is from his salary of $75 per week, the record supports the Trial Judge's finding that plaintiff's testimony was less than forthright. Plaintiff's life-style, his acquisitions of real and personal property and his management and control of the farm render his version of his finances patently unbelievable and in such cases the court is justified in finding a true or potential income higher than that claimed (see *Kay v Kay, supra,* p 637; *Turecamo v Turecamo,* 15 Misc 2d 923). The court was further justified in estimating the value of fringe benefits and his potential earnings and in finding them to be substantial (see *Hickland v Hickland,* 39 NY2d 1; *Weseley v Weseley,* 58 AD2d 829). The fixing of permanent alimony necessitates the balancing of the factors enumerated in section 236 of the Domestic Relations Law together with the parties' age, health, conduct, station in life and the marital standard of living. This the trial court did and there was no abuse of discretion. As to the award for counsel fees, we reach a similar result. Plaintiff does not contend that the amount fixed was unreasonable. Rather he contends that the proof adduced was insufficient to establish defendant's inability to pay attorney's fees and insufficient to establish that plaintiff was able to pay them. While there must be a showing of necessity or inability to pay counsel fees before they may be awarded *(Patron v Patron,* 53 AD2d 822, app dsmd 40 NY2d 582), this record, in which the finances of the respective parties were thoroughly explored, provides support for the court's finding that defendant was unable to pay and that plaintiff was possessed of the means by which he could pay. Judgment affirmed, with costs. Main, J.P., Mikoll, Yesawich, Jr., Weiss and Herlihy, JJ., concur.