■ ELIZABETH A. COOK, Appellant, v FRED A. COOK, JR., Respondent. — In a matrimonial action, plaintiff appeals, as limited by her brief, (1) from so much of an order of the Supreme Court, Westchester County (Martin, J.), entered July 13, 1982, as granted plaintiff temporary alimony and child support in the amount of only $75 per week and (2) from so much of a further order of the same court dated September 17, 1982, as granted defendant's motion to reargue that part of the order entered July 13, 1982 which awarded counsel fees, *pendente lite,* to plaintiff and upon reargument vacated said award and awarded defendant exclusive use of a 1979 Cadillac during the pendency of the action. Orders affirmed insofar as appealed from, with one bill of costs. In this matrimonial action, plaintiff was granted, pursuant to an order of Special Term entered July 13, 1982, (1) a temporary award of alimony and child support in the amount of $75 per week, (2) exclusive use of a 1981 Cadillac and (3) counsel fees, *pendente lite,* in the amount of $800. Plaintiff's application for injunctive relief with respect to her husband's business was denied pursuant to said order. Thereafter, in response to a second application by plaintiff for injunctive relief with respect to her husband's business, defendant cross-moved (1) to reargue, and upon reargument, to vacate that part of the order entered July 13, 1982 which granted counsel fees, *pendente lite,* to plaintiff, and (2) for an order granting him the exclusive use of a 1979 Cadillac automobile. By order dated September 17, 1982 Special Term (1) denied plaintiff's application for injunctive relief, (2) granted defendant's cross motion for reargument, and upon reargument vacated that part of the order entered July 13, 1982 which granted counsel fees *pendente lite* to plaintiff and (3) awarded defendant exclusive use of the 1979 Cadillac automobile. On appeal plaintiff argues that (1) Special Term's award of $75 per week temporary alimony and child support was inadequate; (2) Special Term erred in vacating its prior award of counsel fees, *pendente lite;* and (3) in granting defendant's cross motion to reargue its prior decision regarding counsel fees, Special Term had no authority to also grant defendant's application for exclusive use of a 1979 Cadillac. We affirm. Special Term did not abuse its discretion in its *pendente lite* award of alimony

and child support. Moreover, plaintiff never moved to reargue this issue before Special Term. Plaintiff's second application before Special Term was for injunctive relief alone. It was only in opposition to defendant's cross motion to reargue on the issue of counsel fees, *pendente lite,* that plaintiff and her attorney made certain conclusory statements regarding the inadequacy of the initial award of temporary alimony and child support. Under these circumstances, Special Term did not abuse its discretion in not addressing the latter issue in its order of September 17, 1982 (see *Pace v Perk,* 81 AD2d 444). With respect to the issue of counsel fees, *pendente lite,* plaintiff correctly argues that the court has the discretionary power to award counsel fees irrespective of whether the movant specifically requests same (see Domestic Relations Law, § 237). Counsel fees may be awarded during the pendency of an action in order "to enable the wife to prosecute or to defend the action" (*Furman v Furman,* 18 AD2d 659). However, such an award must be based on a showing of inability to pay, which was not demonstrated at bar. Accordingly, that part of Special Term's order dated September 17, 1982, which vacated a prior award of counsel fees, *pendente lite,* must be affirmed (see *Furst v Furst,* 88 AD2d 946; *Williamson v Williamson,* 84 AD2d 606; *Standley v Standley,* 83 AD2d 863, 864). Finally, Special Term awarded exclusive use of a 1979 Cadillac to defendant. Contrary to plaintiff's argument on appeal, Special Term did not err in this regard. In his notice of cross motion to reargue the issue of counsel fees, *pendente lite,* defendant also asked for additional relief, i.e., exclusive use of a 1979 Cadillac. Accordingly, Special Term had the authority to grant that relief. Damiani, J. P., Mangano, Gulotta and Brown, JJ., concur.