■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEROME WASHINGTON, Also Known as MEDINA BISMIN, Also Known as BISMIN MEDINA, Appellant. — Appeal from a judgment, Supreme Court, New York County (Herbert I. Altman, J.), rendered February 17, 1982, convicting defendant on a plea of guilty to grand larceny in the third degree and sentencing him as a second felony offender to an indeterminate term of 2 to 4 years, is held in abeyance and the matter remanded for a hearing as to the identity of the defendant regarding the plea and as a predicate felon, with new counsel to be appointed to represent defendant thereat. The record reflects that on November 13, 1981, when defendant appeared for sentencing, he claimed that he was not Bismin Medina or the person who had entered a plea of guilty on May 29, 1981 under indictment No. 2593/81; his name was Jerome Washington; and he had never been known by the name of Bismin Medina. The court ordered a hearing but no hearing had been held when the case appeared on the calendar on February 17, 1982. At that time, when the clerk announced the case "Bismin Medina a/k/a Jerome Washington," the court ascribed defendant's silence as an admission that he was Medina and arraigned him for sentence. Respondent concedes that a hearing should have been held on the issue of identity. It also appears that defendant challenged the predicate felony statement, claiming that he had not been convicted of robbery in the third degree in Kings County on September 14, 1979 declaring "you had the wrong person." Accordingly, CPL 400.21 (subd 5) requires the holding of a hearing on that issue. For these reasons, we hold the appeal in abeyance and remand the matter for a hearing as to defendant's identity, as to the plea herein and the predicate felony statement, with new counsel to be appointed to represent defendant thereat. Concur — Asch, J. P., Silverman, Fein, Lynch and Kassal, JJ.

■ RUTH STEINMETZ, Respondent, v SIDNEY STEINMETZ, Appellant. — Order, Supreme Court, New York County (Gabel, J.), entered October 19, 1982, which, inter alia, awarded the plaintiff wife temporary alimony in the sum of $650 per week, retroactive to July 6, 1982, and directed defendant to pay the sum of $5,000 to plaintiff's attorney as and for counsel fees, unanimously modified, on the law and the facts, and in the exercise of discretion, without costs or disbursements, to reduce the award of temporary alimony to $400 per week and to strike the provision for counsel fees and, except as thus modified, affirmed. Appeal from order of the same court, entered March 8, 1983, dismissed as nonappealable, without costs or disbursements. In this pre-equitable distribution case, taking into account the wife's needs and the parties' preseparation standard of living (see Ganin v Ganin, 92 AD2d 489), we believe that the award of temporary alimony was excessive to the extent indicated. No showing of necessity or inability to pay was made, as is required, to justify the award of counsel fees. (See Patron v Patron, 53 AD2d 822, app dsmd 40 NY2d 582.) Concur — Kupferman, J. P., Sullivan, Ross, Bloom and Alexander, JJ.