OPINION OF THE COURT
Edward S. Conway, J.
This is a CPLR article 78 proceeding in which petitioner seeks a judgment directing respondent to recompute his retirement allowance by including in his three-year, final average salary certain moneys paid to him as a longevity increment.
Petitioner retired as an administrator in the Sewanhaka Central High School District effective July 1, 1982. In April of 1982, petitioner submitted his application for service retirement as a member of respondent New York State Teachers’ Retirement System.
Petitioner, pursuant to a collective bargaining agreement between the Board of Education of the Sewanhaka Central High School District and the Sewanhaka Building Administrators Association, became entitled to receive a longevity increment. Article V-F of the agreement provides that each administrator who has completed 20 years of service in the school district, or 12 years as administrator in the district, shall receive a one-time only longevity *872 payment of 30% of salary, with the option to apply the 30% over a one-, two- or three-year period.
When the petitioner retired on July 1,1982, as aforesaid, he elected to receive his longevity increment in school years which fell within his final average salary. His three-year, final average salary was based upon the salaries he earned in the 1979-1980, 1980-1981 and 1981-1982 school years. He elected to take a longevity payment of 14% in 1979-1980 and a longevity payment of 16% in 1980-1981.
The respondent excluded these longevity payments from the three-year, final average salary, contending that they were paid in anticipation of retirement and constituted termination pay and, in any event, because they were nonregular compensation.
This court must agree with the contentions of the respondent. Section 501 (subd 11, par b) of the Education Law provides that the three-year, final average salary shall be “the average regular compensation earned as a teacher during the three years of actual service immediately preceding his date of retirement * * * exclusive of any lump sum payments for sick leave, annual leave or any other form of termination pay”.
The respondent’s determination that the longevity payments were nonregular compensation and that they were moneys paid in anticipation of retirement constituting termination pay, is in keeping with the said section 501 (subd 11, par b) and, in fact, necessitated by it (see Martone v New York State Teachers’ Retirement System, Aug. 15, 1983, Con. G. Cholakis, J.; Matter of Moore v Levitt, 74 AD2d 791). Further, as the respondent’s determination has a rational basis, it will not be disturbed by this court (see Matter of Howard v Wyman, 28 NY2d 434).
The petition is denied.