■ GORDON GANNON, JR., Respondent, v RITA B. GANNON, Appellant.—Judgment unanimously modified, on the law and facts, and, as modified, affirmed, with costs to defendant, and matter remitted to Supreme Court, Erie County, for further proceedings, in accordance with the following memorandum: The trial court distributed equitably the marital residence and made appropriate distributive awards of certain nonliquid marital assets, including plaintiff husband's military retire-

ment pension, but erred in fixing the amount and duration of the maintenance award to appellant wife and in treating 1,070 shares of husband's Truly Magic Corporation stock and his IRA account as separate property, and we delete these decretal paragraphs from the judgment. The maintenance award of $80 per week is inadequate to meet her reasonable needs and the court did not properly explain the factors it considered and the reasons for its decision (Domestic Relations Law § 236 [B] [6]). Moreover, the termination of maintenance at "such time as the defendant [wife] receives the military retirement [pension benefits], or begins to receive Social Security Benefits" was improper and unwarranted. The record establishes husband's eligibility to receive this pension when he becomes 60 years of age, but is silent as to the wife's Social Security benefits.

Wife, who was born on September 8, 1930 and holds an undergraduate degree in English literature and a Master's degree in elementary education, was employed full time as a teacher until the parties were married on December 29, 1954. During this 27½-year union she maintained the marital home and raised the parties' five children, the youngest of whom was born on February 3, 1965, and the wife worked sporadically as a substitute teacher. She is now employed as an associate librarian at a private school, earning approximately $10,000 annually. Husband, who was born on December 8, 1932, is a practicing attorney and a member of a family law firm. His income from the law practice in 1983 totaled $24,000, an amount which the court properly termed "modest".

The record is clear that wife sacrificed her once-marketable teaching skills in order to raise a family and there is no doubt that she contributed to the development of husband's career. The Master's degree in education, a factor stressed by the trial court, under these circumstances and in view of her age, would not serve to enhance her employment opportunities in this field. At age 62, when the pension is distributed, she will be either retired or close to mandatory retirement and may not even be earning her present income and it is highly unlikely that she will be able to achieve a level of financial independence which will eliminate her need to rely on husband's support. On the other hand, husband's income should become greater, particularly since his share of the partnership profits in the law firm has increased to 35% from the former 25%. We note that his obligation to pay child support will cease in the near future. Although, in determining the need

for maintenance, the court may consider the marital property distributed to the respective parties (Domestic Relations Law § 236 [B] [6] [a] [1]), on this record the trial court abused its discretion in directing that wife's share of the pension benefits when they accrue be paid to her in lieu of maintenance. The trial court on remittal shall evaluate the reasonable needs of wife, consider her financial affidavit and fix an adequate permanent award of maintenance sufficient to permit her to afford housing and maintain her prior standard of living established during the marriage, insofar as that may be practical and relevant considering the income of the parties. Pending final resolution of this question and effective upon service of the within order with notice of entry, wife is awarded $175 per week in temporary maintenance, the amount of pendente lite relief awarded her (see, Szulgit v Szulgit, 92 AD2d 713).

On remittal the trial court shall also distribute equitably marital assets it erroneously treated as husband's separate property. The court erred in fixing responsibility on husband to repay an alleged debt to his father and in using this obligation as a circumstance to declare him the sole owner of 1,070 shares of Truly Magic Corporation stock received by him during the marriage as a bonus earned while representing the corporation. The stock is unquestionably a marital asset and the record fails to establish that this alleged debt is a valid obligation. In addition, husband's IRA account opened prior to the commencement of the action, unlike wife's IRA which was opened later, should have been disposed of as marital property (Domestic Relations Law § 236 [B] [1] [c]). Although we do not find that the trial court's denial of counsel fees to wife was an abuse of discretion, the factors which the court considered in arriving at its determination are not relevant on this appeal and we exercise our discretionary authority to direct that husband pay wife's counsel fees generated by this appeal and subsequent proceedings required by our order and direct the trial court on remittal to fix the amount of such counsel fees and expenses (Domestic Relations Law § 237). We have reviewed wife's other contentions and find them to be without merit. (Appeal from judgment of Supreme Court, Erie County, Feeman, J.—divorce.) Present—Doerr, J. P., Boomer, O'Donnell and Schnepp, JJ.