■ ROBERT H. SIMMONDS, Respondent, v ERIS SIMMONDS, Appellant

The court erred, however, in denying an award of maintenance to defendant and in ordering that its award of child support to be paid by plaintiff was to be reduced 12 weeks after its decision. In denying maintenance, the court failed properly to consider the parties' preseparation standard of living, defendant's unemployment and her physical custody of the parties' two children (Domestic Relations Law § 236 [B] [6] [a] [1], [6]). Defendant, who holds a Master's degree in social work, left the work force upon the birth of the parties' first child. Thereafter, she maintained the home, reared the children and contributed to the development of plaintiff's podiatry practice.

After nine years of marriage, the parties separated. At the time of trial, defendant was actively seeking employment, but

had been unable to secure a position. Nevertheless, the trial court denied an award of maintenance on the basis of her good health, education and projected ability to be self-sufficient. Defendant was left unable to meet her reasonable needs in the circumstances (see, Gannon v Gannon, 116 AD2d 1030). Additionally, the court failed to consider defendant's physical custody of the parties' two daughters, aged 3 and 7 (Conner v Conner, 97 AD2d 88, 101-102). Since plaintiff acquiesced in, and benefited from, defendant's role as homemaker and mother, an award of maintenance is appropriate to assist defendant in caring for her children in accordance with the preseparation standard of living (see, Rodgers v Rodgers, 98 AD2d 386, appeal dismissed 62 NY2d 646). The matter should be remitted to establish an appropriate maintenance award, however, because the record is silent as to defendant's present employment status. On remittal, the trial court should fashion a maintenance award of such amount and duration as is appropriate.

The provision of the decree relating to the reduction of child support after 12 weeks must be deleted. It is based on speculation and is without support in the record. A modification of child support may properly be sought upon a showing of substantial change in circumstances. "Any question about a modification of the amount of maintenance or child support can best be determined in the future to meet the changed conditions" (Lesman v Lesman, 88 AD2d 153, 161, appeal dismissed 57 NY2d 956; see also, Bizzarro v Bizzarro, 106 AD2d 690, 693). (Appeal from judgment of Supreme Court, Cayuga County, Corning, J.—divorce.) Present—Dillon, P. J., Boomer, Pine, Balio and Lawton, JJ.