■ MARSHA RECK, Respondent, v PAUL RECK, Appellant.— Judgment unanimously affirmed without costs, in accordance with the following memorandum: Defendant appeals from a judgment granting plaintiff a divorce on the ground of cruel and inhuman treatment, awarding custody of the two children of the marriage to plaintiff, ordering maintenance of $150 per week and child support of $75 per week, per child, and distributing the marital assets. Defendant argues that there was insufficient proof of cruel and inhuman treatment. We disagree. Plaintiff testified that defendant publicly humiliated her, called her names, hit her and threatened to burn down the house. She further testified that she lost 10 pounds, saw a gynecologist and an ear, nose and throat doctor, and had three counselling sessions. These facts are sufficient to support a finding of cruel and inhuman treatment in a marriage of 17 years *(cf., Stagliano v Stagliano,* 132 AD2d 975; *Green v Green,* 127 AD2d 983).

Defendant further argues that the court failed to set forth the factors it considered and the basis for its decision in distributing the property and in awarding maintenance, as required by Domestic Relations Law § 236 (B) (5) (g) and (6) (b). With respect to equitable distribution of the marital property, the record supports the court's findings and its conclusions evidence consideration of appropriate factors. We exercise our authority to set forth the factors we find determinative and our reasons for affirming the trial court *(O'Brien v O'Brien,* 66 NY2d 576, 589). The trial court found that plaintiff earns approximately $2,800 per year on a part-time basis, while defendant earns about $42,000, plus overtime; that the marriage was of 17 years' duration; that there were two children of the marriage (born May 19, 1967 and Jan. 18, 1974), and that custody of the children should be awarded to plaintiff.

The court also found that marital property consisted of the marital residence, all vehicles in the name of either party, all bank accounts except $34,000 in defendant's Pittsburgh account at the time of marriage, household furnishings, securities acquired during the marriage and defendant's vested

pension to which he contributed during the marriage. It also found certain items of separate property.

With respect to the marital property, the court ordered exclusive possession of the marital residence to plaintiff until emancipation of the youngest child, at which time the property is to be sold and the equity divided equally. The court also awarded plaintiff half of that part of defendant's pension to which he contributed during the marriage, and the sum of $5,000, representing equitable distribution of the increase in defendant's Pittsburgh bank account during the marriage. In accordance with the stipulation of the parties, a Judicial Hearing Officer distributed specific items of marital property that the court had directed to be divided equally.

The court's attempt to distribute the marital property equally was not an abuse of discretion, in light of Domestic Relations Law § 236 (B) (5) (d) (1), (2), (3), (5) and (8). Defendant earned substantially more than plaintiff throughout the marriage, but during the 17-year marriage, plaintiff's contribution was as the homemaker. As the custodial parent, plaintiff needs to occupy the marital residence and to use its household effects. Plaintiff's need for support is met partially through the award of maintenance. At the time of trial, plaintiff planned to be enrolled in business school for 2 to 3 years; defendant presumably planned to continue at his current position.

We find the court's award of maintenance in the amount of $150 per week proper, in light of the above-noted incomes of the parties and the equal distribution of marital property; the 17-year duration of the marriage; the presence of the children of the marriage in plaintiff's home; and plaintiff's contributions as a homemaker during the 17 years (Domestic Relations Law § 236 [B] [6] [a] [1], [2], [6], [8]). The trial court clearly did not credit defendant's testimony that, after paying his weekly expenses, including child support and maintenance, he had only $11 per week remaining with which to purchase food and other necessities.

We affirm the court's award of counsel fees to plaintiff (see, Rados v Rados, 133 AD2d 536; Bushorr v Bushorr, 129 AD2d 989; Bistany v Bistany, 69 AD2d 988). Defendant is directed to pay plaintiff's counsel fees on appeal, the amount to be determined by the trial court on remittitur (see, Gannon v Gannon, 116 AD2d 1030, 1032).

We have examined defendant's remaining arguments on appeal and find them to be without merit. (Appeal from

judgment of Supreme Court, Onondaga County, Inglehart, J.—divorce.) Present—Callahan, J. P., Doerr, Boomer, Pine and Davis, JJ.