LAURA BROOKS, Appellant, v DARYL BROOKS, Respondent. [595 NYS2d 156] —Order unanimously reversed on the law with costs, motion denied and complaint reinstated. Memorandum: Plaintiff appeals from an order that granted defendant's motion for summary judgment and dismissed the complaint in this action seeking a divorce on the ground of cruel and inhuman treatment. Supreme Court dismissed the complaint "because of the plaintiff's failure to offer proof by an expert of the effect of the defendant's alleged conduct on the plaintiff". The record shows that plaintiff's counsel, in response to defendant's request for disclosure of expert witnesses, stated that plaintiff "will not be calling an expert at the trial of the divorce grounds in this action". Supreme Court erred in concluding that plaintiff, in this marriage of seven-month duration, was required to offer expert medical proof to establish her entitlement to a divorce on the ground of cruel and inhuman treatment *(see, Reck v Reck,* 149 AD2d 934).

A divorce will be granted on the ground of cruel and inhuman treatment when the proof at trial establishes "that the conduct of the defendant so endangers the physical or mental well being of the plaintiff as renders it unsafe or

improper for the plaintiff to cohabit with the defendant" (Domestic Relations Law § 170 [1]). The determination whether conduct constitutes cruel and inhuman treatment depends, in part, on the length of the parties' marriage, "because what might be considered substantial misconduct in the context of a marriage of short duration, might only be 'transient discord' in that of a long-term marriage" *(Brady v Brady,* 64 NY2d 339, 344, quoting *Hessen v Hessen,* 33 NY2d 406, 411). A plaintiff is not always required, as a matter of law, to submit expert medical proof to establish that defendant's conduct is so harmful to plaintiff's mental or physical well-being that it is unsafe or improper for plaintiff to continue to cohabit with defendant.

Here, plaintiff's counsel stated only that he did not intend to offer expert medical proof at trial. He did not state what evidence he would offer in support of plaintiff's action. Thus, Supreme Court's action was premature. We conclude that plaintiff is entitled to a trial on her action for a divorce on the ground of cruel and inhuman treatment. (Appeal from Order of Supreme Court, Livingston County, Houston, J.—Divorce.) Present—Denman, P. J., Pine, Lawton, Doerr and Davis, JJ.