■ IRENE W. KANN, Respondent, v. BEN D. KANN, Appellant.— Judgment, Supreme Court, New York County entered January 27, 1971, modified on the facts and the law to reduce the counsel fee payable by defendant to $575 and, as so modified, affirmed without costs and without disbursements. We agree with Trial Term's determination on all matters raised except the counsel fee. Upon the evidence submitted we find that $2,075 would be a reasonable fee, including disbursements, for the legal work necessarily done. The direction of the trial court was that out of the counsel fee of $3,075 awarded by the court, $1,500 should be returned by the attorney to the plaintiff. We find no legal authority for any such disposition. Counsel fees are awarded in a matrimonial action in order to insure that an indigent wife has legal representation. If she is able to pay for her own counsel, no award may be made. Of course, any person who advances her the sum on the strength of the husband's credit may sue him for necessaries, the result being dependent on all the factors which govern such actions. Here the attorney made an effort to bring himself within this classification. The effort was enfeebled by his obvious desire to retain the amount paid him and only to recompense the defendant in the event that the counsel fee awarded exceeded his own valuation of his services. Concur — Markewich, J. P., Murphy, Steuer and Tilzer, JJ.; Kupfer-

man, J., concurs in part and dissents in part in the following memorandum: I concur in the determination that $2,075 would be a reasonable fee, and, except as so modified, I would affirm. I dissent from that portion of the determination that, in effect, makes the wife responsible for $1,500 of the fee because she advanced that amount to her counsel. Her arrangement with counsel was that "if the court's allowance of fees so warrants I will reimburse her for the money which she has given me at least in part, depending on the size of the allowance I receive from the court." The trial court directed that the plaintiff be reimbursed the $1,500 for her "advance retainer fees" upon the payment by the defendant of the counsel fee. There is no doubt of the determination that the wife was to receive counsel fees to enable her "to carry on or defend the action or proceeding as, in the court's discretion, justice requires, having regard to the circumstances of the case and of the respective parties." (Domestic Relations Law, § 237.) The sole ground postulated by the majority for the refusal to reimburse her for the $1,500 advanced is not that "justice" does not "require" it, but only that she advanced it. To relegate the parties to a separate action for necessaries is supererogatory. It is quite possible that a wife would be entitled to counsel fees, as here, but unable to persuade an attorney to proceed without an advance. Should she thus be deprived of counsel or be required to be involved in a separate suit for necessities? The absurdity of such a situation provides the answer.