LORRAINE ALWARDT, Respondent-Appellant, v. RALPH ALWARDT, Appellant-Respondent.— Judgment insofar as it awards counsel fees to plaintiff's attorney in the amount of $550 unanimously reversed, without costs, and matter remitted to Special Term for further proceedings in accordance with the following memorandum: Defendant husband appeals from that portion of the judgment which awarded $550 counsel fees to his plaintiff wife's attorney in a default divorce action. The defendant husband contends that he was indigent and, therefore, qualified to receive and did obtain free legal assistance from the Monroe County Bar Legal Assistance Corporation which represented his interests in the divorce action brought against him by his wife. On August 5, at a time when defendant was gainfully employed, plaintiff consulted her present attorney. The record reveals that defendant husband has a net take-home pay of $131.20 per week. He is presently obligated under a Family Court order to provide support and maintenance for his wife and four children in the amount of $75 per week and also to pay $131 monthly on the mortgage on the marital home. After making these payments defendant-husband is left with approximately $114 per month from which he is also required under the Family Court order to pay the heat, utilities, phone, water and repairs (assuming that real estate taxes and insurance are included in the monthly mortgage payments) on the marital residence. This order entered August 24, 1971 also granted custody of the children and exclusive possession of the marital home to the wife. These matters were not contested in the default divorce action. The summons in the plaintiff wife's matrimonial action was served on August 31, 1971. In September, 1971 the husband lost his job. The wife's attorney was served with a notice of appearance on September 8, 1971 from the Monroe County Bar Legal Assistance Corporation. At that time both plaintiff wife and her attorney testified that they knew defendant was unemployed. Thereafter, some of the legal services for which the trial court awarded counsel fees in the amount of $550 were performed. At the trial plaintiff testified that she had no funds to pay her attorney. The defendant did not testify. Under these circumstances, we consider an award for counsel fees an improvident exercise of discretion. The trial court should take more proof on the issue of the husband's indigency. The court, of course, may direct the husband to pay such counsel fees to enable the wife to carry on her divorce action "as, in the court's discretion, justice requires, having regard to the circumstances of the case and of the respective parties" (Domestic Relations Law, § 237, subd. [a], par. [3]). Included particularly within the "circumstances" to be considered are the income and means of the husband (*Wood* v. *Wood*, 21 A D 2d 627, 630). We recognize that counsel fees are awarded to attorneys in matrimonial actions to insure that both parties have legal representation, and particularly an indigent wife (*Kann* v. *Kann*, 38 A D 2d 545). It is possible in this case, however, that the defendant husband's means and income are so completely exhausted by his primary financial responsibility of support and maintenance of his wife and four children that he has no funds from which counsel fees may be justly awarded without jeopardizing the payment of these obligations which should be considered paramount to all others including counsel fees. Before making such a determination, which might conceivably deprive the wife's attorney of his fee for legal services which he rendered her, the defendant must appear and testify fully as to his finances. In exercising its discretion the trial court should consider the proof of defendant's prior employment, his provision of the necessities of life for his family, his present employment and

his income therefrom, as well as his potential earning capacity, which might be inferred from his past and present employment. If the proof does not support the award made for counsel fees, they should be modified (*Nyland* v. *Nyland,* 36 A D 2d 706; *Calkin* v. *Calkin,* 35 A D 2d 1040) or, if not warranted under the circumstances, denied. (Appeals from judgment of Monroe Trial Term, in divorce action.) Present — Del Vecchio, J. P., Marsh, Witmer, Cardamone and Henry, JJ.