■     HAROLD G. Ross, Appellant-Respondent, v JOAN V. C. Ross, Respondent-Appellant.—Cross appeals from those portions of a judgment of divorce of the Supreme Court, Suffolk County, entered October 2, 1974 and modified on October 7, 1974, as awarded alimony and counsel fees. Judgment affirmed insofar as appealed from, without costs. Defendant paid her attorneys a retainer of $3,500, with money she had borrowed, with the understanding that she would be repaid that sum out of any counsel fee in excess thereof awarded by the court. Special Term awarded a counsel fee of $4,500 and directed that defendant be reimbursed therefrom to the extent of the $3,500 thus paid by her as a retainer fee. The Appellate Division, First Department, has held that an award of counsel fees is made to insure that an indigent wife has counsel and that if she can pay, and has paid, her attorney, she cannot be reimbursed *(Kann v Kann,* 38 AD2d 545). That court reached the same result in *Winter v Winter* (39 AD2d 69, affd 31 NY2d 983). Plaintiff's attorney argues that the affirmance by the Court of Appeals in *Winter (supra)* mandates a reversal of the reimbursement ordered herein. We disagree. The record and briefs submitted to the Court of Appeals in *Winter* reveal that affirmance of the refusal to direct reimbursement was urged on two grounds, (1) that *Kann v Kann (supra)* was dispositive and (2) that the facts did not warrant reimbursement since no testimony had been offered on the wife's behalf as to the payment of a fee to her attorney. The no-opinion affirmance by the Court of Appeals in *Winter* does not mean that that court thereby adopted the reasoning of the lower court (see *Adrico Realty Corp. v City of New York,* 250 NY 29). The affirmance in *Winter* may therefore very well have been on the second ground urged by counsel. We do not agree with the theory of the *Kann* and *Winter* opinions in the Appellate Division, First Department. We do not believe that there is any impediment to reimbursement to a wife of counsel fees advanced by her which the court later finds the husband should have paid. Accordingly, the judgment should be affirmed insofar as appealed from. Hopkins, Acting P. J., Martuscello, Munder and Shapiro, JJ., concur.