■ HUGO PRESS, Respondent-Appellant, v RENEE PRESS, Appellant-Respondent.—In a matrimonial action in which, *inter alia,* the defendant wife was awarded a separation, the parties cross-appeal from a judgment of the Supreme Court, Nassau County, entered December 20, 1973, after a nonjury trial, as follows: (1) plaintiff, from so much of the judgment as (a) dismissed his action for divorce, (b) granted alimony to defendant and (c) awarded an additional counsel fee to defendant and (2) defendant, from so much of the judgment as (a) adjudged plaintiff to be the sole owner of certain bank

accounts and (b) fixed the amounts of support and the counsel fee, on the ground of inadequacy. Judgment modified, on the law, by increasing the amount awarded for counsel fees from $2,000 to $3,500 and directing that defendant be reimbursed therefrom to the extent of $1,500. As so modified, judgment affirmed insofar as appealed from, without costs. Payment of the increased counsel fee shall be made within 30 days of entry of the order to be made hereon. The trial court found that the fair value of the services rendered by defendant's counsel was $3,500, but deducted from that figure the $1,500 which had already been paid by defendant to her attorney pursuant to a retainer agreement. In its opinion, Special Term cited *Kann v Kann* (38 AD2d 545) and *Winter v Winter* (39 AD2d 69, affd 31 NY2d 983) in denying reimbursement of the counsel fees advanced by the wife. In *Ross v Ross* (47 AD2d 866), we indicated our disagreement with the theory expressed by the First Department in the *Kann* and *Winter* cases and found no impediment to such reimbursement. The retainer agreement between defendant and her counsel provided that, in the event $2,500 or more was received as an award of counsel fees, the $1,500 paid by defendant was to be returned to her. In our opinion, the judgment should have awarded a counsel fee in the amount of $3,500 and should have provided for reimbursement to defendant of $1,500 of that amount. Rabin, Acting P. J., Martuscello, Christ, Munder and Shapiro, JJ., concur.