■ CAROLE GOLDSMITH, Appellant, v CHARLES GOLDSMITH, Respondent.— In a matrimonial action in which plaintiff was granted a judgment of divorce, she appeals from an order of the Supreme Court, Queens County, dated September 30, 1975, which settled a proposed transcript, with an addendum thereto. Order affirmed, without costs or disbursements. Appellant does not specifically deny that the addendum to the transcript (stating that "trust continues to December 31, 1977, income to plaintiff remains the same until then") is correct. Whether the income is $15,000 per year, or only $7,500, is a matter to be determined dehors the addendum per se. The precise date of the termination of the trust is not relevant to the issues on the appeal from the judgment. The effect of the ultimate cessation of receipt by the plaintiff of income from said trust, whenever that occurs, is a matter relevant only to possible later proceedings to amend the judgment of divorce. Gulotta, P. J., Hopkins, Damiani, Shapiro and Hawkins, JJ., concur.

■ CAROLE GOLDSMITH, Appellant, v CHARLES GOLDSMITH, Respondent.— In a matrimonial action in which plaintiff was granted a judgment of divorce, she appeals from an order of the Supreme Court, Queens County, dated October 15, 1975, which denied her motion for counsel fees on the appeal taken by defendant from portions of the said judgment of divorce, "without prejudice to renewal upon the conclusion of the pending appeal." Order affirmed, without costs or disbursements. Under the circumstances, the denial of the motion, without prejudice to its renewal, constituted a proper exercise of Special Term's discretion (see Domestic Relations Law, § 237). Gulotta, P. J., Hopkins, Damiani, Shapiro and Hawkins, JJ., concur.

■ CAROLE GOLDSMITH, Respondent, v CHARLES GOLDSMITH, Appellant.— In an action in which plaintiff was granted a judgment of divorce, the defendant husband appeals from so much of the said judgment of the Supreme Court, Queens County, dated April 26, 1974, as, after a nonjury trial, (1) directed him to make certain child support payments, (2) awarded a counsel fee, (3) awarded certain works of art to plaintiff and (4) failed to award certain other works of art to defendant. Judgment affirmed insofar as appealed from, with costs. Special Term properly held that, under the circumstances, the objects of art were jointly owned by the parties and that it was impossible to account for the missing pieces. Further, the child support and counsel fee awards made constituted a proper exercise of Special Term's discretion. In view of the assertion of serious charges of professional misconduct, the clerk of the court is hereby directed to forward a copy of the briefs and the record on appeal filed herein and in the accompanying appeals to the Grievance Committee of the Association of the Bar of the City of New York for such further action as it deems appropriate. Gulotta, P. J., Hopkins, Damiani, Shapiro and Hawkins, JJ., concur.