■ ANNE DE SIMONE, Appellant, v ANTHONY DE SIMONE, Respondent.— In a divorce action, the plaintiff wife appeals from stated portions of a judgment of the Supreme Court, Suffolk County, entered November 23, 1976, which, *inter alia,* denied her application for alimony and a counsel fee. Judgment modified, on the law and the facts, by deleting the third decretal paragraph thereof, which denied the plaintiff-appellant's application for a counsel fee, and substituting therefor a provision awarding plaintiff a counsel fee of $1,000. As so modified, judgment affirmed insofar as appealed from, with costs payable by defendant-respondent. In denying appellant's application for a counsel fee for her defense of respondent's counterclaims for divorce or separation on the authority of *Kann v Kann* (38 AD2d 545), the learned Trial Justice overlooked this court's determinations which have refused to follow the rationale of *Kann (Ross v Ross,* 47 AD2d 866; *Press v Press,* 49 AD2d 603). On the basis of those determinations, we hold that the appellant wife was entitled to a counsel fee of $1,000 for services rendered on her defense of respondent's counterclaims. Cohalan, J. P., Hawkins and Mollen, JJ., concur; Suozzi, J., concurs insofar as the majority has awarded plaintiff a counsel fee, but otherwise dissents and votes to grant plaintiff alimony in the amount of $50 per week, with the following memorandum: I disagree with that part of the majority's holding which, in affirming the

decision of the Special Term, denied the plaintiff wife alimony. While noting that "the fact that the plaintiff has income of her own does not, *ipso facto,* preclude an award of alimony *(Hickland v Hickland,* 39 NY2d 1)," the Special Term denied alimony under the authority of *Kover v Kover* (29 NY2d 408), where the Court of Appeals noted (p 418) that "The couple was childless, the wife was still in her thirties and capable of supporting herself, the marriage was of moderately short duration and the income of the spouses almost equal." In my view, the facts in the case at bar are distinguishable from those in *Kover* and, therefore, *Kover* is not controlling here. Quite apart from the fact that the marriage herein is of longer duration than that in *Kover,* and that plaintiff herein is approximately 10 years older than the plaintiff in *Kover,* there are other features to this case which distinguish it. The uncontradicted evidence in the record indicates that plaintiff is in poor health, has no savings or significant assets, and is in debt. Under these circumstances, plaintiff was entitled to an award of alimony. Ultimately, any award of alimony, or denial of the same, must be measured in accordance with section 236 of the Domestic Relations Law, which states that alimony shall be awarded "as, in the court's discretion, justice requires, having regard to the length of time of the marriage, the ability of the wife to be self supporting, the circumstances of the case and of the respective parties." In *Hickland v Hickland* (39 NY2d 1, 6, *supra)* the Court of Appeals specifically rejected the argument that section 236 of the Domestic Relations Law should be interpreted to mean that whenever a wife's income provides for her basic needs, then the marital standard of living, the length of the marriage and other factors should be considered largely irrelevant. To allow plaintiff a counsel fee while, at the same time, denying her alimony, as the majority holds, is illogical and inconsistent. If plaintiff's earnings do not bar her from obtaining a counsel fee, then they should not automatically bar her from obtaining some measure of support. Under all of the circumstances herein, the denial of all alimony to plaintiff, a working and self-sufficient spouse, without a simultaneous finding of misconduct sufficient to support a judgment of divorce against her, imposes an unwarranted penalty upon her. Accordingly, I would grant plaintiff alimony in the amount of $50 per week.