■ RUTH K. KOLMIN, Appellant, v KENNETH G. KOLMIN, Respondent.—Judgment unanimously modified, on the law, and, as modified, affirmed, without costs, in accordance with the following memorandum: The wife appeals from a judgment of dual divorce only insofar as a separation agreement incorporated by reference into the judgment denies to her any provision for future alimony and also denied her counsel fees. Insofar as the separation agreement as stated in paragraphs II and IV purports to relieve the husband from any future obligation to support the wife, it is in violation of section 5-311 of the General Obligations Law and is void *(Haas v Haas,*

298 NY 69; *Kyff v Kyff,* 286 NY 71). The contention raised by the respondent husband challenging the constitutionality of that statute is one this court has recently passed upon in *Bruno v Bruno* (51 AD2d 862, mot for lv to app den, 39 NY2d 706), where we held that such argument was without merit and one that properly should be presented to the Legislature. The invalidity of this part of the separation agreement does not vitiate the whole and other provisions of it may be enforceable *(Ferro v Bologna,* 31 NY2d 30, 36; *Sylofski v Sylofski,* 49 AD2d 971). We need not reach or determine the question raised with respect to the propriety of appellant's purported waiver of any claim for counsel fees in paragraph XIV of the incorporated separation agreement because it is not necessary on the record before us in this case. Suffice it to say that Special Term denied counsel fees, not on the basis of an alleged waiver, but only upon an examination of the financial circumstances of the respective parties. Upon review, we find no reason to disturb the exercise by Special Term of its broad power of discretion (Domestic Relations Law, § 237; *Alwardt v Alwardt,* 41 AD2d 592; *Phillips v Phillips,* 1 AD2d 393, 398, affd 2 NY2d 742). (Appeal from judgment of Onondaga Supreme Court—divorce.) Present—Marsh, P. J., Moule, Cardamone, Simons and Schnepp, JJ.