■ In the Matter of WENDELL W. FRYE, Appellant, v CHRISTINE B. TRUHN, Also Known as CHRISTINE B. FRYE, Respondent.—Appeal from an order of the Family Court of Delaware County, entered April 14, 1978, which reduced appellant's monthly obligation for child support payments to respondent and directed that appellant pay counsel fees to respondent's attorney and from a supplemental order of the same court, entered June 14, 1978, which directed that the parties each pay one half of the orthodonture expenses for their oldest child. In 1963, appellant and respondent were married, and three children were subsequently born of the union. Thereafter, in March of 1974, the parties entered into a separation agreement which provided that appellant was to pay respondent $450 monthly for child support and that, so long as appellant paid the agreed amount of support, respondent was to pay the mortgage, utilities and taxes upon the marital residence wherein she was to reside with the three children in Franklin, New York. In 1975, the parties were divorced on the ground of their having lived separate and apart for one or more years pursuant to the separation agreement, which survived and was not merged in the judgment of divorce. When respondent and the three children later left the marital abode and moved into a house in Sydney, New York, with respondent's new husband, appellant purchased respondent's interest in the Franklin residence and unilaterally subtracted from his monthly child support obligation $177, an amount which allegedly represented the monthly mortgage and tax payments on the property. This latter action by appellant triggered the instant dispute in which respondent filed a petition charging appellant with violating a previous court order which had directed that he pay the sum of $450 monthly for child support. For his part, appellant in a cross petition requested that his support obligation be reduced to $200 per month. Ultimately, the Family Court of Delaware County ruled that appellant's monthly support obligation was to be reduced to $330 monthly, and it

further directed that each of the parties was to pay one half of the orthodonture expenses for their oldest child and that appellant was to pay $100 in counsel fees to respondent's attorney. The present appeal ensued. Although appellant now seeks an additional downward modification of his monthly support payments, we have examined the prevailing circumstances, i.e., most importantly the best interests of the children, but also the financial status of each of the parties (see *Matter of Boden v Boden,* 42 NY2d 210), and concluded that the $330 figure should not be disturbed. As indicated in the Family Court's decision, respondent's move to Sydney, New York, with the three children and appellant's assumption of the costs of maintaining the Franklin residence when considered in conjunction with the provisions of the separation agreement described above mandated a reduction in appellant's support obligation. The cost of supporting children has undeniably increased in recent times due to rampant inflation and respondent, as a result, was in need of increased funds to support her children; however, the reduction was understandably somewhat less than the total cost to appellant of maintaining the Franklin residence, and with each of the parties gainfully employed, the court was clearly justified in requiring that appellant contribute $110 each month toward the support of each of the three children. Similarly, there was no abuse of discretion in the court's direction that the parties share equally the orthodonture expenses in question. Upon the issue of counsel fees, however, we reach a contrary result. While there is a clear conflict between the First and Second Departments over whether or not a husband may be required in a matrimonial action to pay the legal fees of his wife who is herself able to pay (see *Ross v Ross,* 47 AD2d 866 [2d Dept.]; *Kann v Kann,* 38 AD2d 545 [1st Dept.]), in our view such an award of counsel fees can only be justified when it is necessary to insure that an indigent wife has legal representation. Where, as here, it is evident from the record that a wife can well afford to pay her own attorney, it would be unwarranted, unfair and an abuse of discretion to require the husband to shoulder that burden *(Blauner v Blauner,* 60 AD2d 215, mot for lv to app den 44 NY2d 648; *Kann v Kann, supra).* Lastly, we find lacking in substance two procedural objections raised by appellant. No special circumstances having been demonstrated, the court properly quashed a subpoena whereby appellant sought to examine the financial records of respondent's new husband *(Slutsky v Slutsky,* 57 AD2d 793). Moreover, although respondent admittedly did not produce all of her records as required by section 250 of the Domestic Relations Law, appellant was not prejudiced or harmed by her conduct since he concedes that, upon cross-examination of respondent, he obtained "a complete, fair and impartial picture" of her financial state. Order, entered April 14, 1978, modified, on the law and the facts, by reversing the award of counsel fees to respondent, and, as so modified, affirmed, without costs. Order, entered June 14, 1978, affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Main and Mikoll, JJ., concur.