OPINION OF THE COURT
Allan Dixon, J.
This matter was initiated by way of a petition for modification of an order of child support made by the Supreme Court, Rensselaer County. The petitioner is Robert A. Hurst and the respondent is his former wife, Linda J. Hurst. The parties were divorced by decree of the Supreme Court, Rensselaer County, dated June 14, 1979. Said decree incorporated a stipulation entered into by and between the parties and their attorneys in open court on March 27, 1979. In essence, the stipulation provided that the petitioner would pay the sum of $100 per week for the care, support and maintenance of the three infant issue of the marriage, and to assume all medical and dental expenses incurred by the children which were not covered by *637 the respondent’s health insurance. Additionally,' the petitioner was to pay to the respondent the sum of $10,000 out of an insurance claim involving “no-fault” benefits in return for the respondent’s execution of a quitclaim deed releasing all of her right, title and interest in the former marital dwelling. The petitioner agreed to assume all outstanding indebtedness on the mortgage covering said premises, and did, in fact, fully satisfy the mortgage with the balance of the insurance settlement proceeds.
The petitioner’s instant application,.dated May 20, 1980, alleges that a change in circumstances had occurred since the decree of divorce in that he had been unable to fully resume his career as a freelance photographer since his auto accident in 1977. He further alleged that as a result, his income had been substantially reduced.
This application initially came on to be heard on June 16, 1980. At said hearing, the respondent was represented by an attorney but the petitioner elected to proceed without counsel after being duly advised that he had a right to obtain counsel to assist him. As a result of that hearing, an order was entered on June 30, 1980, which, in essence, continued the $100 per week support order for the children, but permitted the respondent to pay the reduced sum. of $50 per week until a further hearing which was to be held on September 23, 1980, with arrears accumulating in the interim in the amount of $50 per week. That order also contained provisions which had the effect of granting a money judgment to the respondent in the amount of $1,500, the amount of the then current arrears in payment, but staying the enforcement of said judgment provided that the petitioner make timely support payments in the reduced amount of $50 per week.
As per the order of June 30,1980, a further hearing was held on September 23,1980. At that hearing, the respondent was again represented by counsel and the petitioner elected to proceed on his own behalf. After the hearing, an order was entered on October 16, 1980, which, in essence, provided that the respondent would recommence payment of the sum of $100 per week and that the execution of the money judgment which had been stayed would continue *638 stayed provided that the petitioner pay all existing arrears ($2,200) on or before October 28, 1980. The order further provided that if said arrears were not paid in full by said date, a hearing would be held on October 28, 1980.
On October 28,1980, a further hearing was held at which time both parties were represented by counsel. By order entered on December 1, 1980, the $100 per week payment was continued and the respondent was directed to pay the . additional sum of $10 per week on the arrears which accumulated while the respondent was permitted to pay the reduced sum of $50 per week, which were computed to be in the amount of $700. The matter was set down for a further hearing on December 23, 1980.
In November, 1980, the attorneys for the respective parties submitted memoranda of law outlining their respective position. No formal hearing was held on December 23, 1980, as the attorneys agreed that the issues raised in the memoranda of law must be decided so as to determine whether a further hearing is necessary and, if so, to clarify the issues to be tried.
A thorough reading of the memoranda of law submitted would appear to indicate that there are three major issues to be determined. They are: (1) whether the orders of this court, dated June 30,1980, and October 16,1980, should, in whole or in part, be vacated; (2) whether the order of support currently in effect is fair and reasonable under the circumstances; and (3) whether the respondent is entitled to an award of counsel fees.
As to the first issue, the petitioner urges vacatur of those, orders on various grounds. The court is not persuaded by the petitioner’s argument that he was unrepresented at the time the orders were entered. There is no requirement that a party be represented by an attorney. Indeed, in Family Court practice, parties more often than not appear without attorneys. At both hearings where petitioner was unrepresented, the court advised him that he had a right to seek the advice and assistance of counsel. This is sufficient especially where, as here, the petitioner was the moving party. Furthermore, the court observed the conduct and demeanor of the petitioner during the hearings and *639 did not find him to be confused as to the nature of the proceedings.
The court is similarly not persuaded by the petitioner’s argument that the orders of June 30, 1980 and October 16, 1980, must be vacated as invalid and irregular because proper “entry and filing” of the same was not made. The court is well aware of the provisions of the CPLR regarding the entry and filing of judgments and orders. The practice of the Family Court, however, due to its unique nature, has been somewhat different. The County Clerk of each individual county in the State is, in actuality, the Clerk of the County Court and the Supreme Court then sitting in the county at least insofar as the entry and filing of judgments and orders is concerned. In the Family Court, however, only on rare occasions is an order filed in the County Clerk’s office. Also, unlike the County and Supreme Courts, judgments in the Family Court must be signed by the Judge in all cases and not merely by the clerk. Each Family Court has its own chief clerk who is responsible for maintaining the court’s records, which remain at the court’s physical location. The practice of this and other Family Courts has always been that an order is “entered and filed” when, after having been signed, it is given by the Judge to one of the court employees who places the original thereof in the permanent court file and distributes copies to the appropriate parties. As previously stated, the practice of the Family Court is necessarily unique in this regard. More often than not, parties involved in Family Court proceedings appear without counsel. In such cases, the court must take responsibility not only for the entry and filing of the order but' also for the actual preparation thereof and the service of the copies. In view of all of the foregoing, this court finds that the procedure used in this court substantially complies with the spirit, if not the letter, of the CPLR on this issue. Therefore, the court will not vacate these orders in toto.
However, one point raised by the petitioner in this regard would appear to have some merit. Both orders in question contain provisions relating to the entry of a money judgment, and the stay of enforcement thereof, for past *640 arrears in this case. As counsel for the petitioner ably points out, no formal application was made by the respom dent for the entry of a money judgment. The hearing at which the entry of a money judgment was directed came on as a result of the petitioner’s application for a modification of the support order in this proceeding. Section 460 of the Family Court Act would appear to require that the application for a money judgment must be made formally upon due notice to the opposing party. In short, this court, in its zeal, exceeded the scope of its power upon the instant application by directing the entry of a money judgment. Therefore, the provisions in the previous orders herein relating to the entry of a money judgment, and the stay of the enforcement thereof, shall be vacated and. set aside with leave to the respondent to make formal application for the same.
The court now turns to the second major issue raised in the memoranda of law, the fairness of the current basic support order of $100 per week. At the outset, the court sees no justification for holding a plenary hearing on the issue of child support at this late date. The order of $100 per week was initially made by stipulation in the course of the parties’ matrimonial action. Both parties were represented by counsel and no irregularity appears in the record.
The application currently before the court alleges that a change of circumstances occurred since the entry of the judgment in the matrimonial action. That application initially came on to be heard on June 16, 1980. While no specific findings were placed in the order entered as a result ■ of the hearing, the court, in essence, continued the support order, but permitted the petitioner to pay the reduced sum of $50 per week until September 23, 1980. The basis for that order was a finding based upon the proof submitted that although the petitioner’s then current means had been reduced, he still had the ability to earn sufficient income to pay $100 per week for the support of his three children. It should be noted here that the petitioner is a freelance photographer. His testimony is indicative of substantial earning potential. The petitioner himself testified to having earned $4,000 for two weeks of work. The petitioner was *641 permitted to pay the reduced sum to enable him to “get on his feet”. It was not intended to be a permanent reduction and it was intended that arrears would accumulate. The order of October 16,1980, which reinstated the petitioner’s obligation to pay $100 per week, was also based upon a finding that the petitioner’s earning capacity was such that he had the ability to pay $100 per week for the support of his three children.
It must also be noted that the. petitioner received a substantial insurance settlement as a result of the accident which led to the reduction of his income. After paying his wife the stipulated sum in consideration of her releasing to him her interest in the marital residence, the petitioner dissipated the bulk of the remaining fund to pay off in full the mortgage covering said premises rather than merely paying the same to date. Part of the “no-fault” insurance award is certainly attributable to “lost earnings” and his dissipation of that fund in order to satisfy the lien on a capital asset of substantial value must be given consideration in deciding whether to alter the child support order.
In short, taking into account the earning potential of the petitioner, the earnings of the respondent, and the needs of the children as gleaned from the respondent’s financial disclosure affidavit, the current basic support order in the amount of $100 per week would appear to be fair and reasonable in all respects.
As to the most recent order of this court, dated December 1, 1980, which directed that the respondent pay the additional sum of $10 per week on the arrears of $700, which accumulated while the respondent was permitted to pay the reduced sum of $50 per week, some reconsideration would appear to be in order. Upon reflection, in the opinion of the court, those arrears, as well as the $1,500, which were previously the basis of a money judgment, shall be considered suspended pending further order of the court reserving, of course, unto the respondent the right to move for the collection of the same upon the appropriate application.
As to the final major issue herein presented, that of the respondent’s application for an award of counsel fees, there *642 would appear to be no great difficulty. It has long been the policy of this court (and the law in this State) that an award of counsel fees is warranted only where the party seeking the award is unable to pay her own attorney. (Matter of Frye v Truhn, 68 AD2d 989.) Here, the respondent is employed full time earning approximately $10,000 per year. She owns her own home, an automobile and appears to have money in the bank. Additionally she receives $100 per week from the petitioner for the support of the children. Under the circumstances, it would appear that the respondent is well able to pay her own counsel fees and, accordingly, her request for an award of the same shall be denied.