■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. EDWARD F. PALYSWIAT, Appellant, v MADELYN PALYSWIAT, Respondent. — Appeal from a judgment of the Supreme Court at Special Term (Conway, J.), entered October 2, 1980 in Saratoga County, which, *inter alia,* dismissed a writ of habeas corpus and awarded counsel fees to respondent. On February 6, 1978, the parties herein were divorced and a dispute subsequently developed over respondent's alleged thwarting of petitioner's attempts to exercise his visitation rights with regard to the children of the marriage. As a result, petitioner obtained a writ of habeas corpus requiring the production of the children before the Supreme Court, Albany County, on September 19, 1980, and ultimately the court denied the writ and directed petitioner to pay respondent's counsel fees in the amount of $500. On this appeal, petitioner challenges only the award of counsel fees to respondent, and we find that the award should be sustained. While an award of counsel fees should be made only when it is required to insure that an indigent wife has legal representation, in this instance the court had before it respondent's sworn affidavit that she could not afford to pay her attorneys and nothing to indicate that she could pay for representation. Under these circumstances, it was certainly not evident from the record that she could "well afford to pay her own attorney" *(Matter of Frye v Truhn,* 68 AD2d 989, 990), and no abuse of discretion has been shown with regard to the challenged award. In so ruling, we lastly note that petitioner's contention that he was present in court on the day of the hearing with a law associate of his attorney is corroborated by nothing in the record, and Special Term expressly noted in its order that neither petitioner nor his attorney had appeared. Accordingly, it is obvious that if petitioner and the associate were present, they failed to make their presence known to the court, and it was consequently justified in conducting the proceedings without them. Judgment affirmed, with costs. Main, J. P., Mikoll, Yesawich, Jr., Weiss and Herlihy, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. RODNEY TAYLOR, Appellant, v THOMAS MAYONE et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Pennock, J.), entered December 29, 1980 in Ulster County, which dismissed a writ of habeas corpus following a hearing. Petitioner sought a writ of habeas corpus claiming that he was illegally detained based on defective accusatory instruments filed in the Town of Poughkeepsie Justice Court. His petition was dismissed following a hearing. It is clear from the record that prior to the hearing on this petition, petitioner was convicted of unrelated robbery charges, sentenced and committed to the custody of the Commissioner of Corrections of New York State. In view of this fact, petitioner would not be entitled to immediate release and, consequently, the remedy of habeas corpus is not available to him *(People ex rel. Mendolia v Superintendent of Green Haven Correctional Facility,* 47 NY2d 779; *People ex rel. Lane v Vincent,* 32 NY2d 940). The judgment, therefore, must be affirmed. Judgment affirmed, without costs. Sweeney, J. P., Kane, Main, Casey and Herlihy, JJ., concur.