MARGARET A. WALSH, Respondent, v CHARLES J. WALSH, Appellant.

Third Department, March 31, 1983

APPEARANCES OF COUNSEL

*Kouray & Kouray* (*Steven X. Kouray* of counsel), for appellant.

*Morris Marshall Cohn* for respondent.

OPINION OF THE COURT

*Per Curiam.*

Plaintiff and defendant were married on January 22, 1966 and three children were born of the union. Subsequently, marital difficulties developed, and the parties separated in March of 1981 with plaintiff and the three children remaining in the former marital residence. Thereafter, plaintiff instituted the present action for divorce on the grounds of cruel and inhuman treatment and abandonment, and simultaneously moved for an order directing defendant to pay support *pendente lite* and counsel fees. Special Term ultimately awarded plaintiff child support of $90 weekly and also directed defendant to pay the monthly

mortgage and insurance obligation on the former marital residence totaling approximately $240. As for counsel fees, defendant was directed to pay plaintiff's attorney the sum of $300 in weekly installments of $10 with the right reserved to plaintiff's attorney to apply for additional counsel fees at the time of trial. On this appeal defendant challenges only the award of counsel fees.

Before addressing the merits of the appeal we take note that for a number of years there has been a lack of unanimity among the four departments as to the necessary prerequisites to the granting of an allowance for legal fees in matrimonial actions. At a time when there was clear conflict between the First and Second Departments over whether or not a husband may be required in a matrimonial action to pay the legal fees of his wife who is herself able to pay (see *Ross v Ross,* 47 AD2d 866; *Kann v Kann,* 38 AD2d 545), this court adopted the view of the First Department, i.e., that such an award of counsel fees can only be justified when it is necessary to insure that an indigent wife has legal representation (*Matter of Frye v Truhn,* 68 AD2d 989, 990). Since *Kann v Kann* (*supra*), the First Department has modified its position by affirming an award of counsel fees to a working wife because "[i]t is apparent * * * that respondent on her income is unable to pay a counsel fee without severely reducing her life savings" (*Hyman v Hyman,* 56 AD2d 337, 338). Likewise, in *Anonymous v Anonymous* (57 AD2d 938), that court held that the fact that a wife has some money of her own is not an automatic bar to an award of counsel fees but is only a factor to be taken into consideration with all others. Similarly, the First Department held that *Kann v Kann* (38 AD2d 545, *supra*) was not to be viewed as permitting a husband to drive a wife to the brink of indigency by needless, time wasting legal maneuvering, and then raise her predivorce solvency as a defense to a claim for counsel fees (*Stern v Stern,* 67 AD2d 253, mot for stay den, cross mot to dismiss app den 47 NY2d 833). The Fourth Department has not embraced the indigency test and considers the wife's resources, or lack thereof, only as a factor to be considered in the totality of the financial circumstances (cf.

*Kolmin v Kolmin,* 65 AD2d 928; *Alwardt v Alwardt,* 41 AD2d 592).

By reason of changed social and economic conditions and recent changes in the Domestic Relations Law, and in the interest of unanimity and to dispel confusion, we seize this opportunity to hold that the requirement of indigency as a prerequisite to the entitlement of a spouse to legal fees is no longer an acceptable test for eligibility. The court to whom application for legal fees is made must examine carefully the circumstances of the case and financial circumstances of each of the parties and then exercise its discretion. By reason of the all-embracing standard of section 237 of the Domestic Relations Law, it necessarily follows that each case will be *sui generis.*

Viewing the instant application in the light of this standard, we conclude that the order of Special Term must be affirmed. From the record, it appears that neither party has any available independent resources beyond his or her present earnings and little, if any, equity in the heavily encumbered jointly owned marital residence, and that defendant husband's annual income is well over twice that of plaintiff wife who must maintain herself and the three children of the union on her annual salary of $8,500 plus the court ordered $4,680 annual support payments. While defendant must make mortgage and insurance payments in addition to the support, he is still left with an amount of uncommitted funds that will proportionately exceed that left for the wife after the discharge of her responsibility to maintain herself and children. Under these circumstances, the modest allowance of $300 payable at the rate of $10 a week toward attorney's fees cannot be labeled an abuse of discretion.

The order should be affirmed, without costs.

SWEENEY, J. P., KANE, MAIN, MIKOLL and WEISS, JJ., concur.

Order affirmed, without costs.