■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES RUCKDESCHEL, Appellant, v EUGENE S. LeFEVRE, as Superintendent of Clinton Correctional Facility, Respondent. — Appeal from a judgment of the Supreme Court at Special Term (Harvey, J.), entered January 21, 1983 in Clinton County, which dismissed a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, after a hearing. ¶ Petitioner was convicted in 1975 of first degree robbery, first degree manslaughter, felony murder and possession of a dangerous weapon. He was sentenced to indeterminate terms of up to 15 years each for the robbery and manslaughter convictions, one year for the weapons conviction and 20 years to life for the felony murder conviction, the sentences to run concurrently. The robbery charge was reversed on appeal. The Appellate Division found insufficient corroboration to sustain petitioner's confession to the robbery, but affirmed the other convictions (*People v Ruckdeschel,* 51 AD2d 861). ¶ The instant proceeding for a writ of habeas corpus was commenced by petition dated November 19, 1982. In the petition, petitioner contends that in light of the reversal of his robbery conviction for lack of corroboration, an essential element of the felony murder crime was not proved beyond a reasonable doubt and that the felony murder conviction therefore violates the due process clause of the Fourteenth Amendment to the United States Constitution. Special Term entertained the writ on the merits and, following the recent Court of Appeals decisions on this issue (*People v Davis,* 46 NY2d 780; *People v Murray,* 40 NY2d 327, cert den 430 US 948), denied the petition and dismissed the writ of habeas corpus. This appeal ensued. ¶ There must be an affirmance, but for reasons different from those stated in the decision of Special Term. We do not reach the merits of the issue raised in the petition since the extraordinary remedy of habeas corpus is available only when the granting of the writ will result in the petitioner's immediate release from custody (*People ex rel. Kaplan v Commissioner of Correction,* 60 NY2d 648; *People ex rel. Mendolia v Superintendent, Green Haven Correctional Facility,* 47 NY2d 779; *People ex rel. Taylor v Mayone,* 84 AD2d 633). Where a petitioner is serving terms for various convictions and challenges only one of those convictions, as is the case at bar, the remedy of habeas corpus is not available (*People ex rel. Taylor v Mayone, supra*). Consequently, we do not reach any other issue raised. ¶ Judgment affirmed, without costs. Kane, J. P., Main, Mikoll and Yesawich, Jr., JJ., concur.