■ JEANNE McCANN, Appellant, v RICHARD GUTERL, Respondent. SEAN McCANN, Intervenor. — In a proceeding pursuant to article 4 of the Family Court Act for an upward modification of child support, petitioner wife appeals from an order of the Family Court, Rockland County (Stanger, J.), dated June 7, 1983, which denied her application for counsel fees. ¶ Order reversed, without costs or disbursements, and matter remitted to the Family Court, Rockland County, for further proceedings in accordance herewith. ¶ The sole issue with which this appeal is concerned is the Family Court's outright denial of petitioner's application for an award of counsel fees in the sum of $19,725. Petitioner maintains that she was forced to incur substantial legal fees for a period of approximately two and one-half years "solely as a result of the unbelievable tactics and actions of the respondent and his counsel" in connection with her application for increased child support payments. ¶ It bears noting that the applicant must prove she is entitled to counsel fees in a support proceeding (*Badenhop v Badenhop*, 84 AD2d 773; *Matter of Maneri v Maneri*, 54 AD2d 716). An award of counsel fees must take into consideration a party's ability to pay, the nature and extent of those services which are required to deal with the marital dispute and the reasonableness of counsel's performance under the circumstances (*Matter of Barnes v Barnes*, 54 AD2d 963). ¶ In the instant case, the Family Court based its denial upon the need for a showing of indigency or near indigency on the part of the applicant. This was patently incorrect (*Walsh v Walsh*, 92 AD2d 345, 345-347; *Ross v Ross*, 47 AD2d 866; *Ackerman v Ackerman*, 96 AD2d 543). Accordingly, it is necessary that the case be remitted to the Family Court for a hearing on the limited issue of petitioner's application for counsel fees. Inasmuch as an award of counsel fees pursuant to article 4 of the Family Court Act is conditioned not only upon counsel's own appraisal of services rendered, but also upon all the other circumstances of the case, including the nature and extent of legal services rendered, the professional standing of counsel, the amount at stake in the litigation, the nature of the issues and the results achieved (*Randall v Packard*, 142 NY 47, 56; *Kyle v Kyle*, 94 AD2d 866, 867; *Giuffrida v Giuffrida*, 81 AD2d 905, 906; *Hahn v Hahn*, 44 AD2d 913, affg 78 Misc 2d 585, 598; *Matter of Burk*, 6 AD2d 429, 430; *Matter of Potts*, 213 App Div 59, 62, affd 241 NY 593; *Matter of Leona G. v Edwin G.*, 101 Misc 2d 824, 828), all of these factors should be presented to the court at that time. Mollen, P. J., Gibbons, Weinstein and Rubin, JJ., concur.