■ FRED BORAKOVE, Appellant, v IRMA BORAKOVE, Also Known as IRMA LEDERER, Respondent.—In a matrimonial action in which the plaintiff husband had previously been awarded a judgment of divorce from the defendant wife, plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Oppido, J.), dated April 5, 1985, as awarded the defendant counsel fees in connection with plaintiff's unsuccessful appeal from an earlier order of the same court (Christ, J.), entered March 11, 1983, which denied his motion to modify the judgment of divorce so as to award custody of the parties' child to him, and to vacate the provision requiring him to pay child support.

Order reversed, insofar as appealed from, on the law, without costs or disbursements, and matter remitted to Special Term for further proceedings consistent herewith.

Special Term erroneously awarded appellate counsel fees to

the defendant wife on the sole basis that she had been the successful respondent in a matrimonial appeal. Domestic Relations Law § 237 (b) places an award on counsel fees "in the court's discretion, [as] justice requires, having regard to the circumstances of the case and of the respective parties". We have previously interpreted such language to require the court in its exercise of discretion to "consider the relative merits of the parties and their respective financial situations" *(Martin v Martin,* 28 AD2d 897). Thus, in rendering an award of counsel fees, the "court must consider the financial circumstances of both parties" *(Marocco v Marocco,* 53 AD2d 707, 708). In this regard, the "sufficiency" of one spouse's financial means will not, standing alone, preclude an award of counsel fees *(see, Goldsmith v Goldsmith,* 56 AD2d 834; *Ross v Ross,* 47 AD2d 866; *Press v Press,* 49 AD2d 603). In *Goldsmith* we did no more than affirm our rule under Domestic Relations Law § 237 that it is not "mandatory that financial need be proved" *(Martin v Martin, supra).* Indeed, in *Goldsmith* we focused our attention on the merits of the respondent's position on the prior appeal because her financial entitlement to an award of counsel fees had already been determined in the trial of the action *(see, Goldsmith v Goldsmith,* 52 AD2d 616; *cf. Mittman v Mittman,* 30 AD2d 867, *affd* 24 NY2d 826). Accordingly, *Goldsmith* did not represent a departure from prior law mandating consideration of both the merits and respective financial positions of the parties. Special Term erred in awarding appellate counsel fees based on defendant's successful defense of a prior appeal without considering the parties' relative financial positions. Accordingly, we remit for a hearing to consider the appropriate standard. Additionally, if it is determined at the hearing that defendant is entitled to an award of counsel fees, plaintiff may "challenge the value and extent of counsel's claimed services" *(Jerman v Jerman,* 80 AD2d 825, 826). Gibbons, J. P., Bracken, Rubin and Kunzeman, JJ., concur.