■ LORETTA RADOS, Respondent, v JAMES RADOS, Appellant. —Judgment unanimously affirmed with costs. Memorandum: The direction that defendant pay 60% of plaintiff's counsel fees of $75,000 was not an abuse of discretion nor was the award excessive *(Bushorr v Bushorr,* 129 AD2d 989; *Kolmin v Kolmin,* 65 AD2d 928). Contrary to defendant's claims, we have not embraced the rule that a wife must be indigent in order for her to be awarded counsel fees. Rather, her resources or lack thereof are merely one factor to be considered in the totality of the financial circumstances *(Kolmin v Kolmin, supra; Alwardt v Alwardt,* 41 AD2d 592; *see also, Walsh v Walsh,* 92 AD2d 345, 346).

Moreover, the award of counsel fees was justified in view of defendant's obstructionist and dilatory tactics *(Mulligan v Mulligan,* 54 NY2d 614, *affg* 79 AD2d 721; *Nemia v Nemia,* 124 AD2d 407, 408; *Schussler v Schussler,* 109 AD2d 875; *Stern v Stern,* 67 AD2d 253). Defendant engaged in conduct to conceal and remove assets, thereby frustrating the court's efforts to distribute the marital property equitably.

Finally, we exercise our discretionary authority to direct that defendant pay plaintiff's counsel fees generated by this appeal *(see, Gannon v Gannon,* 116 AD2d 1030). Application to fix the amount of such counsel fees and expenses should be made to the trial court. We have reviewed defendant's other contentions and find them to be without merit. (Appeal from judgment of Supreme Court, Erie County, Desmond, J. H. O. —attorney's fees.) Present—Callahan, J. P., Denman, Green, Pine and Davis, JJ.