■ Lila Gabor, Respondent, v Joseph Gabor, Appellant.— Order, Supreme Court, Westchester County (W. Denis Donovan, J.), entered June 21, 1989, which, *inter alia,* awarded plaintiff pendente lite counsel fees of $20,000, unanimously affirmed, without costs.

The parties to this divorce action were married in 1963. It was the second marriage for both and there are no children from the marriage. Defendant, now age 76, owns a substantial minority interest in several commercial properties (allegedly premarital property) and received income of more than $250,-000 in 1988. Plaintiff, now age 65, who has not worked outside the home for 15 years, is financially dependent. Her only asset is a stock portfolio totaling less than $20,000. Plaintiff's retainer of $7,500 has been expended and unpaid counsel fees as of February 1989 totaled more than $14,000.

Contrary to defendant's contentions, proof of indigency is not a prerequisite to an award of counsel fees, which may be awarded, as a matter of discretion, in order to allow a spouse to "carry on or defend the action * * * having regard to the circumstances of the case and of the respective parties" (Domestic Relations Law § 237 [a]; *DeCabrera v Cabrera-Rosete,* 70 NY2d 879). The court herein properly evaluated the circumstances of the case and the financial circumstances of the parties *(DeCabrera v Cabrera-Rosete,* 70 NY2d, *supra,* at 881; *Walsh v Walsh,* 92 AD2d 345). We note that in the case at bar, the court properly considered factors such as the complexity of the litigation and the reasonable projection of services in setting the amount of the award *(Matter of Potts,* 213 App Div 59). Concur—Kupferman, J. P., Sullivan, Ross, Carro and Kassal, JJ.