**Litle v. Worldwide**                                   **CV-95-126-B    04/02/96**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

<u>Litle & Company, Inc.</u>

      v.                                           Civil No. 95-126-B

<u>Worldwide Collectibles</u>
<u>Network, Inc., et al.</u>



                            **O R D E R**


      Litle & Company, Inc. and First USA Merchant Services, Inc.

("FUSA") contracted with Worldwide Collectibles Network, Inc.

("Worldwide") to process Worldwide's credit card transactions.

Arthur Blevins, a Worldwide shareholder, signed a guarantee

stating that:

> The obligations and performance of
> [Worldwide] under this member agreement are
> unconditionally guaranteed by [Blevins].  It
> is expressly understood that Litle and FUSA
> may pursue the guarantor without pursuing or
> exhausting remedies against [Worldwide].

      Litle brought this action against Worldwide and Blevins,

alleging that Worldwide breached the contract and that Belvins is

liable under the guarantee for Worldwide's debts.[1]  Litle now

_____

      [1] Litle also alleges that Worldwide, Blevins, and Richard
Adeline, the president of Worldwide, are liable for making
intentional misrepresentations and for violating New Hampshire's

moves for summary judgment on its guarantee claim.

Blevins offers two arguments in opposition to the motion. First, he contends that a triable issue exists as to whether he terminated the guarantee by sending Litle written notice of termination before the debts at issue were incurred.[2] I disagree. The guarantee states that Blevins "unconditionally guaranteed" Worldwide's contractual obligations. Further, neither the guarantee nor the contract contain language authorizing Blevins to terminate the guarantee during the contract's initial two-year term.[3] Since Blevins does not contend that the guarantee is unconscionable, and since its plain language does not give him a right to terminate the guarantee, the written notice of termination does not defeat Blevens' obligation under the guarantee. See Norstar Bank of Long Island

_____

Consumer Protection Act, N.H. Rev. Stat. Ann. 358-A.

[2] Blevins claims that he sent Litle a letter on or about October 3, 1994 in which he stated "[d]ue to health problems, I must ask you to drop me from the contract that I signed with you on behalf of WCN [Worldwide]." Litle claims that it never received this letter. In ruling on Litle's motion, I accept Blevins' contention that the letter was sent as he claims.

[3] The contract provides it will be automatically extended for additional two-year terms unless a party to the agreement gives timely notice of termination. The contract also contains provisions providing for termination prior to the expiration of its two-year term. However, those provisions are inapplicable in this case.

2

v. Prompt Process Serv., Inc., 498 N.Y.S.2d 61, 62 (N.Y.App.Div. 1986).

Blevins also argues that the guarantee was ineffective because Litle did not fulfill its obligation to notify Blevins of the existence of any "reserve deficit"[4] that might develop during the term of the agreement. This argument is also plainly without merit. Neither the guarantee nor the contract require Litle to notify Blevins of the existence of a reserve deficit. Therefore, Litle's failure to provide such notice does not defeat its claim under the guarantee.

Blevins has not provided any other evidence or argument to refute Litle's claim that it is owed $72,572.73 under the guarantee. Therefore, judgment is awarded to Litle in this amount with respect to its guarantee claim against Blevins.

SO ORDERED.

_____
Paul Barbadoro
United States District Judge

April 2, 1996

cc:  Rupert Leeming, Esq.
     Richard Adeline, Esq.

---

[4]  The agreement states that a reserve deficit is deemed to exist "[i]f any periodic accounting shows that a NET CHARGE BACK RESERVE associated with a SUBMISSION DATE or a range of SUBMISSION DATES becomes less or is projected to be less than the minimum specified on Schedule D [$10,000]."