■ LINDA L. LAWTON, Respondent, v TERRY M. LAWTON, Appellant. [659 NYS2d 644] —Judgment unanimously modified on the law and as modified affirmed with costs to plaintiff in accordance with the following Memorandum: We reject defendant's contention that, by failing to submit a proposed judgment of divorce to Supreme Court within 60 days of the court's decision, plaintiff abandoned the action (see, 22 NYCRR 202.48 [a]; Funk v Barry, 89 NY2d 364). Prior to the expiration of the 60-day period, plaintiff's attorney informed the court that delivery of the judgment and a qualified domestic relations order (QDRO) would be delayed because he was awaiting information from defendant's employer that was essential to preparation and submission of the QDRO. The judgment and QDRO were submitted to the court 17 days after the expiration of the 60-day period. Plaintiff established that she did not intend to abandon her action, that there was "good cause" (22 NYCRR 202.48 [b]) for the delay and that defendant was not prejudiced by the delay. Thus, the court properly exercised its discretion in accepting the late submission (see, Parisi v McElhatton, 209 AD2d 495; Levine v Levine, 179 AD2d 625).

Further, there is no merit to the contention that defendant is entitled to an equal division of the marital property. "[I]t is well-settled that equitable distribution does not require equal distribution" (Bossard v Bossard, 199 AD2d 971; see also, Ar-

*vantides v Arvantides*, 64 NY2d 1033, 1034; *Pacifico v Pacifico*, 101 AD2d 709, 710). This was not a long-term marriage *(see, Cappiello v Cappiello*, 110 AD2d 608, 609, *affd* 66 NY2d 107), and we conclude that the court did not abuse its discretion in distributing the marital assets. Further, the arguments of defendant with respect to several property items (Ford Bronco, Lawnboy tractor, living room furniture, diamond ring) are raised for the first time on appeal and, indeed, are contrary to arguments made to the trial court. Thus, those arguments are not properly before us *(see, Ciesinski v Town of Aurora*, 202 AD2d 984, 985; *Lanz v Feola*, 181 AD2d 1053). In any event, defendant failed to submit evidence sufficient to establish the value of that property.

We modify the judgment, however, by reducing the amount of the money judgment awarded to plaintiff by $893. The evidence establishes that a portion, i.e., $718, of the amount sought by plaintiff for automobile insurance related to insurance for defendant's personal car and that, although the court determined that defendant was entitled to one half of the parties' joint checking account, i.e., $175, it inadvertently failed to credit defendant with that amount.

Finally, we exercise our discretion to direct that defendant pay plaintiff's counsel fees generated by this appeal *(see, Reck v Reck*, 149 AD2d 934, 935; *Rados v Rados*, 133 AD2d 536; *Gannon v Gannon*, 116 AD2d 1030). Application to fix the amount of counsel fees and expenses must be made to the trial court. (Appeal from Judgment of Supreme Court, Onondaga County, Murphy, J.—Divorce.) Present—Green, J. P., Lawton, Doerr, Balio and Fallon, JJ.