■ HIROMI S. MURTARI, Respondent, v JOHN MURTARI, Appellant. (Appeal No. 1.) [673 NYS2d 278] —Judgment unanimously affirmed without costs and counsel fees on appeal awarded. Memorandum: The parties were married on November 21, 1987 and have one son, who was born on February 11, 1993. Plaintiff commenced this divorce action in May 1995. After a nonjury trial in which defendant represented himself, Supreme Court granted plaintiff a judgment of divorce on the ground of cruel and inhuman treatment; awarded plaintiff sole custody of the child with visitation to defendant; imputed annual income of $40,000 to defendant and directed him to pay child support in the sum of $120 per week retroactive to October 1, 1995; directed defendant to pay his pro rata share of child care expenses and uncovered medical and insurance costs for the child;

and awarded plaintiff a judgment of $4,340 for child support arrears and $18,214 for defendant's dissipation of marital assets. It also granted defendant the option to purchase plaintiff's share of the marital residence for $37,000 and, in the event that defendant did not exercise that option within 30 days, granted plaintiff the option to purchase defendant's share for that amount. The court further directed that, if neither party exercised the option, the marital residence was to be sold and the proceeds divided. The court also equitably divided the parties' personal property and resolved other financial issues. Defendant raises numerous issues on appeal, none of which requires reversal.

Although we agree with defendant that the court improperly admitted into evidence the report of the court-appointed psychologist because the report was not submitted by the expert under oath and the expert was not present and available for cross-examination (see, 22 NYCRR 202.16 [g]), we conclude that reversal is not required on the issue of custody. The court's determination that the best interests of the child warrant the award of custody to plaintiff is supported by admissible evidence without consideration of the improperly admitted report (see, e.g., Matter of Cynthia C., 234 AD2d 929; see generally, Eschbach v Eschbach, 56 NY2d 167).

We reject defendant's contentions that the court improperly admitted into evidence the testimony of plaintiff's treating psychologist, that the court improperly awarded plaintiff a judgment of divorce on the ground of cruel and inhuman treatment, that the Law Guardian was biased against defendant and should have been disqualified, that the court's distribution of the parties' personal property was improper and that the court erred in imputing annual income of $40,000 to defendant for purposes of determining his child support obligation. We further reject the contentions of defendant that he was deprived of his right to counsel and that the court erred in denying his requests for an award of counsel fees.

The court properly declined to make a distributive award to defendant of the value of plaintiff's enhanced earning capacity attributable to the master's degree earned during the marriage because defendant failed to offer proof of its value (see, Iwahara v Iwahara, 226 AD2d 346, 347) or that he made a substantial contribution to it (see, Duspiva v Duspiva, 181 AD2d 810, 811, lv denied 80 NY2d 752, rearg denied 80 NY2d 926).

The contention of defendant that he was improperly deprived of his right to a trial by jury is not properly before us (see, Mat-

*ter of Commissioner of Social Servs. of County of Erie [Lange] v Crowden,* 166 AD2d 888; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C5501:6, at 21). Although defendant filed a notice of appeal dated April 2, 1996 from the order denying his motion for a jury trial as untimely, he failed to perfect that appeal timely. As a result, it was dismissed as abandoned (*see,* 22 NYCRR former 1000.3 [b] [2] [i]).

Finally, we exercise our discretion to direct that defendant pay plaintiff's counsel fees generated by these appeals (*see, Lawton v Lawton,* 239 AD2d 866; *Rados v Rados,* 133 AD2d 536). Application to fix the amount of those counsel fees must be made to the trial court (*see, Lawton v Lawton, supra*). (Appeal from Judgment of Supreme Court, Onondaga County, Major, J.—Divorce.) Present—Pine, J. P., Hayes, Wisner, Pigott, Jr., and Boehm, JJ.