■ CAROL GLICK, Respondent, v RUSSELL GLICK, Appellant. [806 NYS2d 436]—

In a matrimonial action in which the parties were divorced by judgment dated March 10, 2000, the defendant appeals from an order of the Supreme Court, Nassau County (Ross, J.), dated July 8, 2004, which, after a hearing, granted that branch of the plaintiff's motion which was to remove him as the custodian of the children's custodial accounts and appoint the plaintiff as the custodian of those accounts, and granted the plaintiff's separate motion for an award of an attorney's fee and awarded the sum of $85,895.34.

Ordered that the order is affirmed, with costs.

The award of a reasonable attorney's fee is a matter within the sound discretion of the trial court (*see DeCabrera v Cabrera-Rosete,* 70 NY2d 879 [1987]). Factors to consider in determining whether an award is appropriate, and, if appropriate, the amount to be awarded, are the equities and circumstances of each case, and the relative merits of the parties' positions and their respective financial circumstances (*see* Domestic Relations Law § 237 [a]; *Tayar v Tayar,* 250 AD2d 757 [1998]; *Linda R. v Richard E.,* 176 AD2d 312, 313 [1991]). Considering all of the circumstances, including that this litigation resulted from the defendant's abuse of the parties' children and that court-ordered therapeutic supervised visitation with the defendant and the children failed three times due to the defendant's behavior, the court providently exercised its discretion in its award of an attorney's fee (*see Walker v Walker,* 255 AD2d 375, 376 [1998]; *Rados v Rados,* 133 AD2d 536 [1987]; *cf. Havell v Islam,* 301 AD2d 339, 347 [2002]).

Furthermore, the court properly appointed the plaintiff as the

custodian of the children's custodial accounts as she presented evidence that the defendant had misused the accounts.

The defendant's remaining contentions are without merit. Schmidt, J.P., Adams, Santucci and Covello, JJ., concur.